## JOHN HUSE *vs.* JOHN GRIMES.

Error lies upon a *judgment* rendered under the statute of June 21, 1797, author-
   izing justices of the peace to make an agreement between parties to refer their
   demands.
The statute limiting the bringing of writs of error to three years where judgments
   have been rendered in any real or personal action, extends to judgments render-
   ed on the report of referees made in pursuance of the statute of June 21, 1797,
   although the latter was passed *posterior* to the former.

THIS is a process brought to reverse or avoid a judgment
of the court of common pleas, rendered September term,

1815, upon a report of referees, made under a rule entered into before a justice of the peace, pursuant to the statute of June 21, 1797.

The defendant pleads, that the writ or suit was not brought or commenced within three years after the rendition of the judgment. To which plea the plaintiff demurs.

The first section of the act under which the rule was granted, is as follows:

" That when any persons who may have a dispute of what " nature soever, shall agree to have the dispute determined " by referees mutually chosen by the parties for the purpose, " it shall and may be lawful for the person or persons mak- " ing the demand in the action, to make out a particular " statement thereof, under his or their hands in writing, and " to lodge the same with some one justice of the peace of " the county in which either of the parties dwell; and the " said justice of the peace, on application of the parties for " the purpose, shall make out an agreement, to be annexed " to the aforesaid demand, and to be by them or their " lawful agents or attorneys subscribed and acknowledged " in substance as follows." (Here follows the form of the agreement and acknowledgment.)

The third section of the act says, " that the determina- " tion of the referees, who may be appointed agreeably to this " act, shall be made known to the next judicial court to be " holden in and for the county in which the justice of the " peace may have lived at the time he issued the agreement " as aforesaid, and the said court to whom the report of the " referees may be made as aforesaid, shall have cognizance " thereof in the same way and manner, and the same doings " shall be had thereon as though the same had been made " by referees appointed by a rule of the same court."

Justice Woodbury having been of counsel, did not sit in this cause.

*T. Brown*, for plaintiff.

*J. Walker*, for defendant.

GREEN, J. The pleadings in this case render it necessary in the first place, to determine the character of the process

27

Huse
*vs.*
Grimes.

under consideration ; it must be either a writ of *error* or *certiorari*, and such is the similarity of proceedings in the two cases, that it may be denominated either, according to the subject matter upon which it is intended to operate ; this must give name to the process in the case before us, and we are necessarily led from this circumstance, to consider the leading features which characterize the two processes, and from thence determine which is applicable in the present instance.

A writ of error is grantable *ex debito justiciæ* ; it is a matter of right, and lies in all cases where the court, whose proceedings are complained of, act as a court of record according to the course of the common law ; there must also have been a judgment actually rendered, the words of the writ being, "*Si judicium redditum sit.*" The power of the court in cases of this kind extends to reversing the original judgment or affirming it, and in case of reversal, to the rendering such a judgment as justice requires.(1)

(1) Bac. Ab.
"Error."

The power of the court in the latter particular, creates the necessity that the proceedings of the court below, should be according to the course of the common law, or in other words, that the original judgment should be a common law judgment, otherwise the court above, having no jurisdiction of the subject matter, could not render the requisite judgment to do justice between the parties.

A certiorari is said to lie in all cases where a writ of error does not. It is not a matter of right except with the king. As it respects individuals, it issues *ex mera gratia,* on petition. It lies to remove indictments from inferior jurisdictions to the court of king's bench for trial. Also to reverse the doings of inferior jurisdictions, whose powers are given them by statute, whose mode of proceeding is unknown to the common law, and who render their doings effectual, not by a judgment, technically called, but by orders to be executed in a summary way, such as orders for the laying out of highways and for the removal of paupers.

In these cases, the court's jurisdiction is special ; given by a statute provision, and the court above not having the same special jurisdiction, although the proceedings when brought

before them might appear altogether irregular, their power would simply extend to quashing them. 1*st Lord Raymond p.* 468, *Dr. Groenvelt vs. Dr. Burrell et al.*

Into which class of the cases before named, does the one at bar necessarily fall? Here was a judgment rendered in a court of record, proceeding according to the course of the common law. The judgment was a common law judgment, and not an order to carry into effect certain proceedings in a summary way. The higher court, also, by the statute under which the rule in the case was granted, has concurrent jurisdiction with the common pleas in cases of reports of referees made under that law, and consequently on error brought, might reverse the former judgment, and render such an one as justice should require. This case then, has all the requisites to be the foundation of a writ of error. In Massachusetts, they have a similar statute, and it has been repeatedly determined that error is the proper remedy. *Mass. Rep.* 4 *vol.* p. 242.—6 *do.* 496.—10 *do.* 141.—2 *do.* 445.—11 *do.* 466.

From the nature of these proceedings, and the foregoing authorities, we feel bound to say that the process in this case is a writ of error.

It remains to be considered whether this process is barred by the statute of limitations. The part of the statute applying to this case is thus expressed: "That no judgment in "any real or personal action shall, from and after the first day "of July next, be reversed or avoided for any error or defect "therein, unless the writ of error or suit be commenced, &c. "within three years after such judgment entered of record."

It is said by the plaintiff that the judgment in this case is not a judgment in a real or personal action, within the meaning of the statute, and that the statute of limitation could not embrace cases of this description, because the statute under which the rule was granted, was posterior to it in point of time.

The statute was undoubtedly intended to prevent the rights of parties from being disturbed in all cases where they had been settled by a judgment for more than three years; and although no reason can be assigned for excluding this de-

Huse
*vs.*
Grimes.

scription of cases from the operation of the statute, yet if they are not included under the word action, the plea in bar must prevail.

In answer to these objections it may be said, that the preamble of the statute under which the rule was granted, recognizes this proceeding as a *civil cause.*

In the first section of the act, the proceeding is repeatedly called an action. In *5th Mass. Reports, p.* 141, chief-justice Parsons, speaking of the Massachusetts statute on this subject, says, " this process is considered by the statute as a " species of action and is so called." It may also be added that the definition of action, in legal phraseology is, " The lawful demand of one's right, or, *jus prosequandi in judicio quod alicui debetur.*"(1)

(1) 3 Black. Com. chap. 8. —Coke Lit. 285.

From the manner in which the proceeding is spoken of in the statute and the authorities before cited, we are inclined to the belief that it is an action within the meaning of the statute. That although the course to obtain a judgment is different from the ordinary mode, yet it can be considered only a change of process to arrive at the same end, and that although the statute authorizing proceedings of this kind was passed years after the statute of limitations, yet the latter cannot be supposed to lose its effect on a right of action, because the proceedings are in any particular form.