## DUDLEY *vs.* BUTLER.

The judgment of the court of common pleas, laying out a highway, is a proper matter of record ; and the extended record, as drawn up by the clerk, is the sole evidence of such laying out, and cannot be impeached or contradicted. If erroneously drawn up, the only remedy is by application to the court to amend the record.

Highways can only be laid out where the public convenience and necessity require the same.

No offer of donations, by petitioners or others, to aid in making a highway, should influence the court in making their decision ; and a note given, which is made the condition of the laying out of a highway, is without consideration, and void.

Where such note is given from any intimation of the court that the securing of such sum might induce the court to regard the petition more favorably, and with a design to cause such result, such note will be equally without consideration, and void.

It is not necessary that such intimation be formally given as the opinion of the court. If made by one member of the court, the others not dissenting, it will be regarded as expressing the views of the court, so far that, if acted upon, it will vitiate any note given in consequence of such suggestion.

ASSUMPSIT, upon a promissory note, dated January 22, 1828, for $365·00, drawn payable to the plaintiff, or order, to the use of the town of Raymond, in thirty days, and interest, and signed by the defendant and H. G. Cilley.

The suit was prosecuted for the use of the town of Raymond. The defence was that the note was given on an illegal consideration.

It appeared in evidence that a certain petition of Thomas Jenness and others, for a highway in Raymond, was pending in the court of common pleas for the county of Rockingham prior to January term, 1828, and at that term came up for consideration on the report of a committee in favor of laying out said highway, which report was accepted at that term.

The defendant produced a record of the acceptance, which, after stating the prior proceedings, was as follows :

" And now at this term all the parties appearing, and being

fully heard, and it appearing to the court that the public good requires that said road should be laid out—It is, therefore, considered by the court that the report of said committee be accepted, on the condition following, to wit. : That the petitioners pay to the town of Raymond the sum of $365·00, being the amount at which the damages to the owners of the land over which the said highway is to pass are assessed, and relinquish all claim for costs against said town of Raymond; and, the parties agreeing to the same, the petitioners in court paid to the agents of the said town of Raymond the said sum of $365.00, and they accepted of the same. It is considered by the court that a highway, agreeably to said report, be laid out in the town of Raymond. Ordered, that the same be opened on or before January 1, 1829."

This record was said to have been made up some time prior to the next term; but the plaintiff contended that it was still later before it was drawn out.

The defendant then introduced the affidavit of said Dudley, given upon an application to amend the record; and also the testimony of several witnesses, to show that the note in question was given for the sum mentioned in the record, and that the court upon that occasion said that the whole expense would be too great a burden for the town of Raymond to bear; but if the petitioners would devise any way to relieve the town of Raymond from the amount of the damages, the court would be inclined to lay out the road: That thereupon this note was given for that purpose, and to induce the court to accept the report; and that, in consequence of the giving of the note, the highway was laid out.

The witnesses testified that declarations similar to those stated above were made by the presiding judge, from the bench, there being two members of the court sitting in the case, and that the other member did not dissent therefrom.

The plaintiff contended that said note was given to induce the town to withdraw their opposition to the accept-

Dudley *v.* Butler.

ance of said report merely; and to show that it was given for this purpose, and could not have been given on the condition mentioned in the record, he offered the docket kept at said term, and the testimony of witnesses, to prove that no such conditional judgment was declared from the bench, or made known to the parties, or either of them; which evidence was admitted for that purpose. The entry upon the docket was as follows: "Report accepted by consent of parties, and ordered by the court that the highway be laid out agreeably to the report of the committee, and opened and made passable accordingly, and no costs allowed to either party."

The court charged the jury that the production of the note itself was sufficient to entitle the plaintiff to recover, if there was no evidence on the other side—that the defence was that it was founded on an illegal consideration, being given to induce the court of common pleas to lay out a road on the petition of Jenness and others—that the court made a decision that the road should be laid on condition that the petitioners would provide for the amount of the damages; and the petitioners made provision by this note, upon which the road was laid. If it was so, it was a sufficient defence—the law upon the subject was settled in the case against Cilley upon the same note, reported in the *5th N. H. Rep.* 562, and again in the same case on review—that the jury were bound to take this as the law—that to show the manner in which the report was accepted, and that it was on condition, the defendant introduced a copy of the record in the case—that the record, as made up, contained the only evidence that could be received to show the acceptance of the report, and whether it was on a condition or not, being a record of the judgment of the court upon that petition.

The record was made up by the clerk, under oath for the faithful discharge of his duties. It was impracticable for him to draw it up in form at the time, and of course it was made afterwards; and it was not important whether it was

drawn out before the next term, or not. If the clerk made up an incorrect record in any case, the remedy was by an application to the court to correct it, by an amendment. That was the only way in which to proceed to correct any error in it ; and that the record of the judgment which had been produced was, therefore, to be taken as true. The plaintiff was admitted, if he could, to show that the note was not given in that way. It had been suggested in the argument that the record showed that the money had been paid ; but that had not been considered as part of the judgment. The record also stated that the parties agreed to the condition ; but that had not been treated as conclusive ; for, if it had been, the plaintiff would not have been permitted to show that he did not know of a condition to which, it appeared from the record, he had agreed. The plaintiff's position was that this note was given on some agreement between the parties, without any knowledge that a conditional judgment was intended or intimated, and that nothing of the kind was said from the bench—that it was given on a compromise—that one party were asking for the road, and fearing they could not get it ; and the other opposing it, and fearing they would ; and they met on middle ground, and agreed that this note should be given to the town, to induce them to withdraw further opposition. The court instructed the jury that if this was so, it would be well. The effect would be, that the petitioners agreed to give the town a certain sum to withdraw their opposition and consent to the acceptance of the report, independent of any views or knowledge of the designs of the court as to a conditional judgment, and that the consideration of the note in such case would be lawful. But if the note was made on an agreement of the parties to give and receive a note, and this agreement was made in consequence of a declaration of the court that if that sum was provided for the report would be accepted, that would be done on condition, as much as if the money was tendered and accepted on a like condition. All the difference would be, that the

Dudley *v.* Butler.

parties agreed to give and take a note, instead of tendering and accepting money; and if the note was given on this ground, it was unlawful.   So, if they came to this agreement in consequence of a declaration of one member of the court, the other present on the bench hearing it, and expressing no dissent or qualification.   So, if that was the substance and effect of what was done, the precise phraseology was not material.

The jury, on these instructions and the testimony submitted, returned a verdict for the defendant, which the plaintiff moved to set aside, and the case was thereupon transferred for the consideration of this court.

*Bell, Tuck, & Bartlett,* for the plaintiff, contended,

I. That what was offered by the defendant, as a copy of the record, was not such, because the minutes originally made upon the docket or journal constituted the true records of the court in the exercise of its jurisdiction in relation to highways; and that the proceedings of the court (however proved) in this application for a highway are not matters of record.

The court, in the exercise of this branch of its jurisdiction, acts as successor to the old court of sessions of the peace; *see ed. of Statutes* (1815) 385, 609, 84, 37, 40.   And the minutes of their proceedings which are not according to the course of the common law, but in pursuance of a special statute jurisdiction, are not records.   *Co. Litt.* 117, *b;* 3 *Black. Com.* 25.   The minutes of courts in such cases may be contradicted; and, though evidence, do not possess the incontrolable verity of records.   *Co. Litt. & Black. Com. ubi supra; Phillips & Hunter,* 2 *H. Black.* 402; *Walker* vs. *Witter,* 1 *Doug.* 1; *Barnes* vs. *Winkler,* 2 *C. & P.* 345; *Thompson* vs. *Blackhurst,* 1 *Nev. & M.* 266; *Bottings* vs. *Furby,* 9 *B. & C.* 762; *Huse* vs. *Grimes,* 2 *N. H. Rep.* 210.

Courts, not of common law jurisdiction, do not draw up their records in form, but only short notes; and that their

Dudley *v.* Butler.

books of minutes, or copies of them, are the usual and proper evidence of their proceedings, appears by many authorities. 1 *Stark. Ev.* 257 ; *Peake's Ev.* 27 ; *Arundel* vs. *White,* 14 *East's R.* 216 ; *McCalley's case,* 9 *Co.* 69 ; *Com'th* vs. *Bolkom,* 3 *Pick.* 281 ; *Dyson* vs. *Wood,* 3 *B. & C.* 449 ; *McCarty* vs. *Sherman,* 3 *Johns.* 429. This is the rule in relation not only to courts of inferior jurisdiction, but to the house of lords, consistorial courts, &c. 1 *Stark. Ev.* 252 ; *Jones* vs. *Randall, Cowp.* 17 ; *Bac. Ab., " Evidence,"* 306 ; *Houliston* vs. *Smith,* 2 *C. & P.* 22.

II. The facts relied upon by the defendant constitute no defence to the action. The case of Dudley *vs.* Cilley seems to be decided principally upon the authority of *Com'th* vs. *Cambridge,* 7 *Mass. R.* 166, and of *Com'th* vs. *Sawin,* 2 *Pick. R.* 547, and adopts the reasoning of the latter case, that the protection of the rights of landholders over whose land a highway is applied for, requires that they should not be laid out except in cases when the public necessity is so strong as to authorize the laying out wholly at the expense of towns.

But these cases in Massachusetts, neither of which is directly in point, are, as we believe, so far as they bear upon the present question, overruled by the cases of *Parks* vs. *Boston,* 8 *Pick. R.* 228, and *Copeland* vs. *Packard,* 16 *Pick. R.* 217. The latter cases, and those of *Jewell* vs. *Somersett,* 1 *Greenl. R.* 125, and *Partridge* vs. *Ballard,* 2 *Greenl.* 50, show that the petitioners may lawfully contribute, even upon the requirement of the court, to the expense of the roads for which they ask.

III. A record can conclude the parties only in reference to the very point directly at issue, and not to any matter which comes only collaterally in question. 1 *Stark. Ev.* 221, 2, 3 *& 4* ; 10 *Wend.* 84, *Lawrence* vs. *Hunt ;* 4 *Pick.* 228, *Whitcomb* vs. *Williams ;* 15 *Pick. R.* 279, *Eastman* vs. *Cooper ;* 2 *Johns.* 24, *Murray* vs. *Harris ;* 8 *D. & E.* 444, *Pollard* vs. *Bell ;* 5 *Taunt.* 554, *Burroughs* vs. *Stevens.* The recital

Dudley *v.* Butler.

that the court imposed a certain condition that a sum should be paid by the petitioners to the town, "which was done," was no part of the record, if the paper offered by the defendant is to be deemed such.

IV. The direction to the jury in relation to the intimation of one of the judges, and its effect upon the note given in consequence of it, is believed to be erroneous. When one member of the court makes any remark or declaration, in the presence and hearing of the rest of the court, and no dissent is made, it does not bind the whole court, unless they consider and understand the remark to be made as expressing the opinion of the court ; and the charge was not thus qualified.

*Christie, & Jos. Bell*, for the defendant, contended that the judgment of the court of common pleas in laying out a highway, was as much a matter of record as any other portion of their proceedings, and that the extended record was the sole evidence of such judgment.

As to the general matter in defence, they relied on the case of *Dudley* vs. *Cilley*, 5 *N. H. Rep.* 558 ; also cited 1 *Stark. Ev.* 469, that courts would not set aside a verdict, unless it is to correct manifest error either in law or in fact ; and where improper evidence, having, however, but slight weight in the case, is admitted, courts will not set aside a verdict when the other evidence is abundantly sufficient to sustain the verdict without it.

Upham, J. The jurisdiction of laying out highways from town to town was formerly vested in the court of general sessions of the peace, and on the abolishing of that court this power was transferred to the court of common pleas. It is, perhaps, unnecessary to determine how far the court of general sessions was a court of record, within the meaning of the term, as holden in England. Mr. Justice Blackstone says that "all courts of record are the king's courts, in right of his crown and royal dignity, and therefore no other court

Dudley *v.* Butler.

has authority to fine or imprison; so that the very erection of a new jurisdiction, with power of fine or imprisonment, makes it instantly a court of record." 3 *Black. Com.* 25. The power of fine and imprisonment always existed in the court of general sessions. The power of the court, so far as its jurisdiction extended, was the same in its nature, but of higher authority, than that exercised by individual justices of the peace; and the judgments of a justice of the peace have been holden by our courts to be common law judgments, and error will lie to reverse them. 2 *N. H. Rep.* 208, *Huse* vs. *Grimes.*

But it is contended, that the peculiar nature of the jurisdiction of the court in laying out highways is such that no common law judgment is rendered, and that in such cases the doings of the court are rendered effectual, not by a judgment, technically so called, but by orders to be executed in a summary way; such as orders for the removal of paupers, granting of licenses, and other acts of a like nature, where the judges sit rather as ministerial officers than as a court of record. But the statute clearly makes a distinction between such mere orders, and the proceedings of the court relative to highways. The court was originally empowered " on petition to them, to lay out, if they thought proper, highways from town to town, *and cause a record of the same to be made.*" 1 Laws N. H. 385, (ed. 1815); and the requirement as to the record continues to this time.

It can hardly be contended, under these circumstances, that this record of the judgment of the court, as to such laying out, should have less verity, or be required to be proved differently from any other judgments of the same court, as to matters clearly within their common law jurisdiction. A full record, required to be kept by statute, must be equally binding with any mere common law judgment. In modern practice, at least, it has been so holden; and the laying out of highways has been proved in the same manner, and the record is regarded as entitled to the same verity, as any other

Dudley *v*. Butler.

judgments of the court ; and we think the practice is right in this respect.

If this be so, the argument that the first entry, or memorandum made by the clerk, is the true and sole record of the proceedings of the court, cannot be sustained. Such minutes are merely to guide the clerk in the subsequent making up of the record. " Records are complete as soon as they are delivered into court engrossed upon parchment, and *become permanent rolls of the court.* Then, and not before, a copy becomes evidence." 1 *Stark. Ev.* 245.

The original memorandum made by the clerk in this case is no evidence. The extended record is the sole evidence of the doings of the court, and has the absolute verity of a record. If there has been any mistake in making up the record, the court, on application, will direct an amendment, and it can be altered or controlled in no other manner. 3 *Bl. Com.* 25.

The decisions of the court of probate, though not a court of record in the common law sense of the term, can be proved only by the record of its proceedings. 3 *N. H. Rep.* 309, *Judge of Probate* vs. *Briggs ;* and I have no reason to doubt that where an extended record is made up by the judge of probate, the court would hold that to be the true and sole record.

The record of the court in this case, once received, shows clearly that the laying out of the highway was on condition, and that condition was that the expense of the highway should be in part paid by private contribution. It has been already settled, on mature consideration, in the case of *Dudley* vs. *Cilley,* 5 *N. H. Rep.* 558, that no court has authority to make such donations the condition upon which a highway is to be laid out, and that a highway laid out upon such condition is void.

Authorities, said to be of a different tenor, have been cited by the counsel for the plaintiff, which are more recent than the case of Dudley *vs.* Cilley, or were not adverted to in that

decision. 8 *Pick. R.* 228, *Parks* vs. *Boston ;* 16 *Ditto* 217, *Copeland* vs. *Packard ;* 1 *Greenl. R.* 125, *Jewell* vs. *Somersett ;* 2 *Ditto* 50, *Partridge* vs. *Ballard.* The Massachusetts authorities, however, are clearly distinguishable from this case. The donations there given were not made a condition of the adjudication of the court; and the court held that, unless such clearly appeared to be the case, the laying out of the highway would be valid ; leaving the necessary implication that a laying out on such condition would be void. These cases do not overrule the earlier Massachusetts authorities cited in Dudley *vs.* Cilley. The cases from Greenleaf depend upon particular provisions in the Maine statutes, and are not of general application. We hold fully to the decision in Dudley *vs.* Cilley, that no offer of donations by the petitioners, to aid in making a highway, ought to influence the decision of the court, nor can the payment of any sum of money by the petitioners be made the condition of laying out a highway.

As a necessary result from this decision, a note given on account of any intimation of the court that such provision made by the petitioners would induce a laying out of the highway, would be void. It would be given as the condition of a favorable judgment, which judgment so rendered would be illegal.

The jury have found by their verdict that the note was given on such intimation. A declaration by a member of the court, not designed to express the views of the court, but merely the individual impression or suggestion of the person speaking, would clearly not be binding on the court. No declaration made by one member of the court could bind the court, unless they consider and understand the remark to be made as expressing the opinion of the whole court. We think the charge given in this case must have been so understood and received, and that there is no ground to believe that there has been error or injustice done in this respect.

*Judgment for the defendant.*