## PETITION OF THE TOWN OF NASHUA.

Since the passage of the act of June 20th, 1840, a petition for the discontinuance of a road must be referred to the road commissioners.

Where a judicial authority of a public character is delegated to several persons, all must be competent to act, and must hear and examine the matter submitted, although a majority may decide.

A town petitioned the court of common pleas for leave to discontinue a road, and the petition was referred to the road commissioners, one of whom was a citizen of the town, and acted upon the petition as one of the board.—*Held*, that he was incompetent to act as commissioner, and that the report of the board upon the petition was invalid, and could not be received by the court.

Whether the report of the road commissioners upon a petition for the discontinuance of a road, be conclusive, or whether the court may receive and act upon other evidence, *quære?*

PETITION for the discontinuance of a road.

The petition was referred by the court of common pleas to the road commissioners for this county. Perley Foster, esquire, one of the road commissioners, is an inhabitant of the town of Nashua. At the hearing before the commissioners, the original petitioners for the road objected, that Mr. Foster was disqualified from acting as a commissioner, because he was a citizen of Nashua. He remained, however, in his place, throughout the investigation, but did not express any opinion, until the other members of the board had stated that they were in favor of discontinuing the road, when he expressed his assent, and signed the report with the other commissioners. The report stated the objection that was taken, and also that the question whether Mr. Foster were disqualified from acting, was submitted to the court for determination.

*B. M. Farley*, for the petitioners for the road, argued, that Mr. Foster had a direct pecuniary interest in the matter which he was called upon to examine ; that the objection was taken in sufficient season to enable the other members of the board to select some one in his place ; and that, as he was interested, the report of the commissioners was not made

by a board competent to act, and should not be received, nor noticed by the court.

*C. H. Atherton*, for the town of Nashua.　This application is for the consent of the court to the discontinuance prayed for by the town.　For this purpose the court must have before them the fact which they are to ascertain from the report of a committee.　The report, therefore, comes before the court as evidence of the facts therein stated, and is intended only for the information of the court.　It is not important that the commissioners should report that the road ought to be discontinued.　It is enough if they find the facts, so that the court can act understandingly in the matter.

Now the facts are here stated by two unimpeached witnesses.　The circumstance that another witness, who is said to be interested, testifies to the same facts, if it do not strengthen, certainly does not invalidate, the testimony of the others.　In this view of the case, the only question is, whether the court give credit to the statement of the facts contained in the report?

GILCHRIST, J.　It is enacted, by the sixth section of the act of July 3d, 1829, *N. H. Laws* 574, *ed. of* 1830, that the inhabitants of a town may discontinue any highway laid out within its limits; but that " if such highway shall not have been laid out by the selectmen of such town, the same shall not be discontinued without the consent of the court of common pleas first had and obtained."

The statute points out no mode by which the court shall be satisfied whether it be proper that their consent should be granted.　Of late years, it has been customary to refer the petition to a committee appointed by the court, whose report is made to the court, and has generally been the foundation of a decision upon the prayer of the petition.　But this reference to a committee was not necessary.　The court might, and occasionally did, receive affidavits upon the subject, in

connexion with the report, or without a reference to a committee ; or the members of the court might personally examine the road, and the consent asked for was granted or withheld upon a view of all the circumstances of the case. But the report of the committee was not conclusive. The court might disregard it, and act upon such other evidence as satisfied them of the merits of the application.

The third section of the act of June 20th, 1840, provides that all matters relating to roads " shall be referred to the road commissioners, and their report shall be of the same force and validity, for the county in which it is made, of (as) a report so made and accepted from a committee appointed by said court." The fifth section of the act provides that " if any one of the said commissioners (be) interested in the road prayed for, he shall not serve, but the vacancy shall be filled by the residue of said board."

This act takes away from the court the discretionary power which they had formerly exercised, of referring the petition to a committee, or withholding it from them, and acting upon other evidence. A petition for the discontinuance of a road is a " matter relating to roads," and as such must be referred to the road commissioners.

As the petition must take this course, the report of the commissioners, when made, must be considered by the court. They cannot, consistently with the spirit of the act, satisfy the law by a reference to this board, and decline to examine and consider their report. It is unnecessary now to determine whether the report must be held conclusive by the court. As it is to have the same force and validity as a report from a committee appointed by the court ; and as the report of a committee to whom a petition for the discontinuance of a road has been referred, has never been held conclusive, it may be argued, as it has been by the counsel for the town, that it is enough if the court have before them reasonable evidence that the road should be discontinued, which, laying aside the opinion of Mr. Foster, is in this case the opinion of two competent and impartial men.

On the other hand, it is to be remembered that so great an alteration in the law as has been made by the act providing for the choice of road commissioners, to whom all matters relating to roads are to be referred, has changed entirely much of the practice in matters of this kind, and that the spirit of the law may require that the reports from this board, when properly made, shall be conclusive.

But whether other evidence may be received by the court need not now be settled; because we are of opinion that we are bound to receive and consider the report of the commissioners, when made by a competent tribunal. The report is the only evidence laid before us; and the only question is, whether the court of common pleas are authorized to consent to a discontinuance of the road upon the evidence furnished by the report. The petition was referred, not to certain individuals, but to a tribunal who can act only under the authority and in the mode prescribed by law. Where several persons are appointed to act judicially in a public matter, all must meet and act in the matter, although a majority may decide. *Petition of Farwell*, 2 *N. H. Rep.* 124; *Ex parte Rogers*, 7 *Cowen* 526. This is a public tribunal, appointed to perform duties, to a certain extent, of a judicial character. No action could be had by a majority, unless the case were heard and the matter considered by all the members of the board; and to enable the board to consider the case, all the members must be competent to act. The enquiry then is, whether the board were incompetent, on account of the interest of Mr. Foster?

The 35th article of the bill of rights declares it to be the right of every citizen to be tried by judges as impartial as the lot of humanity will admit. We should not have been justified, under our former laws and practice, in referring a petition for the discontinuance of a road to a committee of citizens of the town through which it passed, with directions to examine and report upon the subject matter. To appoint such persons, when a board, presumed to be more impartial,

from their independence of the influences which would ordinarily bias citizens of the town, would be to contravene the spirit of the article of the bill of rights to which we have referred. We should not permit a juror to sit upon the trial of a cause to which the town where he belonged was a party, however small might be his individual interest in the matter. He must either " gain or lose," in the words of the statute, by the event of the suit. *N. H. Laws* 467, *Ed. of* 1830. Nor could any member of this court preside at the trial of a cause to which the town where he belonged was a party, without a violation of the bill of rights. And why should not the rights of those who are interested in this road be determined by a tribunal as impartial as that which would pass upon questions in issue upon a trial in the court of common pleas ? The language of the fifth section of the act, it is true, provides only for the case where one of the commissioners is interested in the road prayed for. But it would be manifestly absurd to hold that a commissioner is incompetent from interest, only in cases where he has an interest in a road sought to be laid out ; and that, where the petition was only for a discontinuance of a road, he might adjudicate upon its merits, however great might be his interest. As a citizen of the town, he is relieved from any tax for keeping the road in repair, if the road be discontinued. The spirit of the act applies to such cases. A tribunal to discontinue should be as impartial as a tribunal to lay out a road ; and, even if the statute were silent, he would be incompetent, upon general principles, to act judicially, where his interest, however remotely, might be affected. Certainly, no court would appoint him a member of a committee in such a case.

We are, therefore, of opinion that Mr. Foster, being a citizen of the town of Nashua, was incompetent to act as a road commissioner in this case. The board, which, by the statute, is to consist of three persons, was then incompetent to take any steps whatever in the matter. The court of common

pleas cannot receive a report made under such circumstances. There has been, therefore, nothing laid before the court to authorize them to consent to a discontinuance of the road. The statute is peremptory in its language. If one of the commissioners be interested, he shall not serve. Here, Mr. Foster was interested, and did serve. This he should not have done ; for the statute considers such an interest as *pro hac vice*, a vacancy—and provides that the vacancy shall be filled by the residue of said board. This was not done, and consequently the doings of the board were invalid, and their report cannot be received.

*Petition dismissed.*