## Petition of Strafford, for the discontinuance of a Road.

A petition for the discontinuance of a road must be referred to the road commissioners.

Even if there have been a decision upon the merits of a road petition, it has not been the practice here to apply to it the common law principle, that a former judgment is conclusive upon all points directly in issue upon the trial, and necessarily determined.

But perhaps if the merits of a road petition had been repeatedly passed upon and examined, the court might, by analogy to proceedings in suits at law, exercise a legal discretion, and refuse to entertain it.

The court will not dismiss a petition for the discontinuance of a road, merely because the town have agreed with the petitioners for the road that they will not present such a petition, and because a petition for the same purpose, and involving the same questions, has been dismissed by the court at a prior term.

Whether a town could make any agreement, out of court, with the petitioners for a road, which a court of law would enforce, that the town would not present a petition for the discontinuance of the road, *quære?*

Petition for leave to discontinue a highway.

At a meeting holden on the ninth day of March, A. D. 1842, the town of Strafford voted to discontinue a highway laid out by a committee from the court of common pleas, on the petition of William Berry and others, and at the January term, 1843, of the court, filed this petition for the assent of the court to the discontinuance. It was contended by the counsel for the petitioners that the statute required the reference of the petition to the road commissioners, and a motion was made that it should be thus referred. The counsel for Berry and others, who appeared, to oppose the petition, moved that it be dismissed, on the ground that the petitioners had agreed not to prefer it, and also because a petition of the town for the same purpose, and involving the same questions, had been entered in court and dismissed on motion of Berry and others, at the August term, 1840. The court ruled that the petition must be referred to the road commissioners, to which the counsel for Berry and others excepted, and the

questions arising upon that exception were transferred to this court for determination.

*Christie*, (with whom was *Bartlett*) for Strafford.

*James Bell*, for Berry and others.

Gilchrist, J.   Since the decision of the case of the *Petition of Nashua*, 12 *N. H. Rep.* 425, the question what tribunal should take cognizance of petitions of this description, is no longer an open one.   It was there held that since the passage of the act of June 20th, 1840, a petition for the discontinuance of a road must be referred to the road commissioners.

But that decision relates, of course, to petitions which are properly before the court; and as the other objections are, in substance, that no petition whatever for this purpose should be preferred, and that the court should not entertain this petition at all, they require to be considered.

The first objection is, that the town of Strafford had agreed not to prefer this petition. If such an agreement were made, it must have been on the ground that the interest of Berry and others, the petitioners for the road, would in some way be affected by the discontinuance.   But a highway can legally be laid out only where the public convenience and necessity require it.   *Dudley* vs. *Butler*, 10 *N. H. Rep.* 281. And if the road be thus required, the interest of particular individuals must give way to the public necessities.   The same principle applies to the discontinuance of a road; and if any tribunal who were to pass upon the merits of such a question should be convinced that the public good required the discontinuance of a highway, it would be their duty to make a report to that effect, although the discontinuance might be injurious to individuals.   The court of common pleas do not grant or refuse their assent, until the commissioners have examined the case upon its merits; and as the

subject matter of this exception would necessarily be considered, in examining into the merits, the objection was properly overruled.   Whether the agreement were verbal or in writing, does not appear ; and whether a town could make such an agreement on this subject, so that a court of law would enforce it specifically, is a question which may be somewhat doubtful, but which need not be considered at present.

The other objection is, that a petition for this purpose, and involving the same questions that arise upon this petition, was dismissed by the court of common pleas prior to the January term, 1843.   What would be the effect of a decision of the commissioners, that the road ought not to be discontinued, and an order of the court thereon, is not the question before us, for it does not appear on what ground the petition was dismissed.   But even if there had been a decision upon the merits of this application, it has never been the practice in this state to apply to petitions relating to highways the principle which obtains in adversary suits at common law, that a former judgment is conclusive upon all points directly in issue upon the trial, and necessarily determined.   In a case where the merits of a road petition had been repeatedly examined and passed upon, the court might, by analogy to proceedings in suits at law, deem the occasion a suitable one for the exercise of a legal discretion, and refuse to entertain it.   *Greathead* vs. *Bromley*, 7 *T. R.* 455 ; *Schumann* vs. *Weatherhead*, 1 *East* 537 ; *Sampson* vs. *Hart*, 14 *Johns.* 63.   But the question need not be decided at present, and the petition must be referred to the road commissioners.

*Motion to dismiss overruled.*