## PAGE *v.* THE CONTOOCOOK VALLEY RAILROAD.

The smallest pecuniary interest in the result of a cause, disqualifies a juror.

APPEAL from the decision of commissioners and selectmen, awarding damages to the appellant for laying out the Contoocook Valley Railroad, across his land.

On the 20th of June, 1850, the Contoocook Valley Railroad and the Concord and Claremont Railroad entered into a contract by indenture, which contract was in force at the time of the trial of this cause, in October, 1850. By this contract, it was agreed that the Concord and Claremont Railroad should run and manage both roads, and that the joint net income of both roads should be divided between them in proportion to the sums expended in constructing and completing each.

After the trial of this cause by the jury, it was discovered that one of the jurors owned eleven shares in the capital stock of the Concord and Claremont Railroad ; and, on this ground, the appellant moved to set aside the verdict.

*Smith* and *Morrison*, for the appellant.

*Peaslee & George*, and *Pierce & Minot*, for the appellees.

PERLEY, J. By the contract between the two roads the net income of both was to be divided in proportion to the cost of each. The sums paid to land-owners would be part of the expense of constructing and completing the roads. Under this bargain, stockholders in the Concord and Claremont road would be interested to keep the land-damages paid by the other road, as low as possible, because, on a division of profits, the lower the land-damages paid by the Contoocook Valley road, the smaller would be the amount taken by that road from the common fund, out of which dividends would be made to the stockholders in the two roads.

The juror, who owned stock in the Concord and Claremont road, was, therefore, by virtue of this contract, directly interested

Page *v.* The Contoocook Valley Railroad.

in the result of the cause, which he assisted to try. His interest was probably very trifling in amount, and may not have influenced his judgment at all on the question of damages. But the principle is extremely well settled, that any, even the smallest, degree of interest in the question pending, is a decisive objection to a juror. *Hesketh* v. *Braddock*, 3 Burrows, 1856; *Hawkes* v. *Kennebeck*, 7 Mass. 464; *Wood* v. *Stoddard*, 2 Johns. 194.

As this objection was not known to the appellant until after the verdict was returned, it was not waived by proceeding to trial without challenge.

The verdict must be set aside, and

*A new trial granted.*