## BATH'S PETITION.

Where a road had been laid out by the road commissioners, and their report accepted by the Court, and the town subsequently voted to discontinue the road, and petitioned the Court for leave to discontinue, which petition was referred to the road commissioners, who made report that the road ought not to be discontinued, and the report was accepted by the Court, and the town again petitioned the Court for leave to discontinue the road, founding their application upon the same vote to discontinue, — *held*, that the matter must be regarded as *res judicata*, and that the petition must be dismissed.

Upon a fresh vote of the town, the presumption would be that new facts had arisen; and such a petition would probably be referred to the road commissioners.

Whether the Court would not exercise a judicial discretion and reject repeated applications made upon repeated votes, *quære?*

PETITION of the town of Bath to discontinue a highway, laid out on petition of Sargent Moody and others, October Term, 1848. The petition alleges that the town voted to discontinue the road on the 13th of March, 1849. Previous to the October Term of the Common Pleas, 1849, the town filed their petition for leave to discontinue the same road, alleging in that petition the same vote to discontinue, which is alleged in this; and after due notice, the said former petition for leave to discontinue, was, at the same October Term of the Common Pleas, referred to the Road Commissioners, who, after a hearing on the merits, at the April Term, 1850, reported that the road ought not to be discontinued; which report the Court accepted at the same term and refused leave to discontinue. Nothing has been done towards building the road or paying the land damages.

The present petitioners moved that this petition be referred to the road commissioners, and it was moved on behalf of the original petitioners that it be dismissed.

*C. R. Morrison*, with whom was *Hibbard*, for the town. I. The decision of the Court upon the former petition is not a bar against this application. *Petition of Strafford.* 14 N. H. Rep. 30.

II. Neither the statute of the State, nor the rules of the

Court require more than one vote to discontinue.  The road has been discontinued so far as the town has power over it.  The consent of the Court of Common Pleas is all that is now wanting to make the vote " effectual."  Repeated votes to discontinue could add nothing whatever to the legal effect of a single vote to discontinue, and therefore should not be required.  Rev. Stat. chap. 54, § 2 ; 82d Rule of Court.  In equity there is a rehearing.  And there may be one here, even if the facts are precisely the same.  Both judgments may be right, because rendered at different periods of time, and under different circumstances.

*Livermore*, with whom was *Goodall*, for Moody and others. " No vote of discontinuance shall be effectual without the consent of the Court of Common Pleas."  Rev. Stat. chap. 54, § 2. The substance and object of this petition, therefore, are, that the Court of Common Pleas " consent " that the vote of 13th March, 1849, " be effectual."

A petition, having precisely the same object, has already been before the same Court, and upon a full hearing upon its merits, the Court has " considered," decided, and decreed, that it do " *not consent* " that said vote of March 13, 1849, " be effectual."

The present is not a petition for a rehearing, review, or appeal.  Nor one which has for its object the reversal or correction of the former decree, for error, surprise, or other cause, whether existing at the time of the hearing or intervening since. But it is simply a reiterated application to the Court for the very thing which has once, upon a full hearing of a like application, been denied ; — a renewed statement upon the record, of a case which has passed into judgment.

To *hear* this petition were to violate the analogies of the law, the decorum of tribunals, and the quiet of the subject.  To grant its prayer would cause the record to contradict itself — affirming to-day that the vote of March 13, 1849, *is not* a proper vote to be made effectual by the consent of the Court, and on the morrow that it *is*.  The law which gives paramount effect to the

first *deed* and the last *will*, holds no disquisition on the conflict of two judgments of the same tribunal.

Upon a fresh vote of the town to discontinue, and a petition founded thereon, an entirely different question would arise. The issue then before the Court would be, not whether to consent to the vote of March 13, 1849, but to a subsequent and different vote. Nor would the difference be merely formal, for by lapse of time a new case might arise out of lapse of circumstances. But of this new case, and these changes, the Court will not take notice, without the judicial vote of the town, affirming that such a case exists and discontinuing the road thereupon. Without this judicial act of the town, passed upon view of the supposed changes, every presumption will be made that none have occurred which would justify such a vote; at least, that none have occurred which would lead the Court to a conclusion different from the former judgment. Whereas, a vote of the town, after lapse of time, would be evidence to the Court, in the first place, that the opinion of the inhabitants in view of the changes to which time may have given rise, is against the present and further utility of the road; and, secondly, affords at least slight ground to presume a state of facts different from what existed at the former hearing.

But a petition is no substitute, within the policy of the statute, for the formal act of the inhabitants convened in deliberative assembly, expressly warned for the purpose of a judicial proceeding. Moreover, it may well be doubted whether the consent of Court ought not to be obtained upon a petition filed at the term next succeeding the town meeting. If not, shall such a vote remain in force to embroil posterity?

This law has been in force sixty years; N. H. Laws, 386, 574; and no precedent is found for the anomalous practice here attempted. It must have been taken from the case in St. Luke's gospel, xviii, 1–5. But the reasons there assigned impair the authority of the case.

EASTMAN, J. The revised statutes provide that any town, at a legal meeting holden for the purpose, may discontinue any

highway in such town. But that no vote of discontinuance shall be effectual without the consent of the Court of Common Pleas, if such road was not laid out by the selectmen. Rev. Stat. chap. 54, §§ 1, 2. The road which is sought to be discontinued by this proceeding was not laid out by the selectmen, but by the road commissioners, and their report was accepted at the October Term of the Common Pleas, 1848. The Common Pleas, therefore, have jurisdiction of the application, and, upon proper and legal proceedings, could discontinue the road. But a motion is made to dismiss this petition upon the ground that the Court have heretofore passed upon the same subject-matter, and rendered judgment thereon.

It appears that the town voted to discontinue the road on the 13th of March, 1849 ; and that prior to the October Term of the Common Pleas following, a petition was presented for leave to have the road discontinued. The petition was referred to the road commissioners, and, at the April Term, 1850, after a hearing upon the merits, the commissioners made a report to the Court that the road ought not to be discontinued. The Court accepted the report and refused to discontinue ; and the action of the Court was a judgment on the subject-matter before them, so far as any judgment could be rendered in proceedings of the kind. It was a proper subject for the records, and was doubtless so treated and made by the clerk of the Court. In *Dudley* v. *Butler*, 10 N. H. Rep. 281, it was held, that the judgment of the Court of Common Pleas laying out a highway, is a proper matter of record; and that the extended record, as drawn up by the clerk, is the sole evidence of such laying out and cannot be impeached or contradicted. The judgment, upon an application for a discontinuance, after due hearing upon the merits, is, we think, of the same verity and degree, and equally binding upon all parties as a judgment laying out the road.

The application now made is founded upon the same vote of the town, and the parties to the record are the same as upon the former proceedings. The judgment of the Court at the April Term, 1850, has never been reversed or annulled, and the question presented is, whether the Court will entertain this

petition and refer it to the road commissioners, or dismiss it as a matter *res judicata.*

Were this proceeding to be governed by the authorities at common law, there could be no doubt what the decision should be. Where the cause of action is the same, and between the same parties, the judgment of the Court is final until reversed. It cannot be altered except on review, appeal, or writ of error. *Cook* v. *Darling,* 18 Pick. Rep. 393.; *Martin* v. *Hunter,* 1 Wheat. Rep. 304; *Pinney* v. *Barnes,* 17 Conn. Rep. 420; *Wallace* v. *Usher,* 4 Bibb's Rep. 508; *Albers* v. *Whiting,* 1 Story's Rep. 310; *Jenkins* v. *Eldridge,* 1 Woodb. & Minot's Rep. 61; *Granger* v. *Clarke,* 9 Shepl. Rep. 128; *Whittemore* v. *Shaw,* 8 N. H. Rep. 393. And, in proceedings not after the ordinary forms of the common law, it has also been held that the decisions of the Court are final and binding. Thus, upon petition for partition of land, *Cook* v. *Allen,* 2 Mass. Rep. 462. And in proceedings upon complaint for flowing land under the statute of Massachusetts. *Johnson* v. *Kittredge,* 17 Mass. Rep. 76; *Adams* v. *Pearson,* 7 Pick. Rep. 341.

But it is said that the doctrine of the *Petition of Strafford,* 14 N. H. Rep. 30, is sufficiently authoritative to warrant the Court in referring this petition. In that case, a former petition for leave to discontinue the road had been presented to the Court and dismissed; for what reason, does not distinctly appear, but probably for some defect of form or service. It is clear that the merits of the case had not been considered, and on the presentation of a second petition it was referred to the road commissioners. The Court say: "What would be the effect of a decision of the commissioners, that the road ought not to be discontinued, and an order of the Court thereon is not the question before us, for it does not appear on what ground the petition was dismissed." It is true that the Court also say: "Even if there had been a decision upon the merits of this application, it has never been the practice in this State to apply to petitions, relating to highways, the principle which obtains in adversary suits at common law, that a former judgment is conclusive upon all points directly in issue upon the trial, and neces-

sarily determined." It is also true that the Court further say, that "the question need not be decided at present;" leaving the matter to be determined whenever the precise point should arise.

We are aware that there has not been that strictness of practice in proceedings to procure the laying out and discontinuance of highways, that prevails in suits at common law. From the many and various interests that are connected therewith, and the diversified aspects in which the questions are frequently presented, it would be difficult to adopt any inflexible rules which might not, in some instances, do injustice. But when the merits of a case have been twice fully heard by the road commissioners, and the judgment of the Court passed thereon, we think it would be a departure from principles that are too well settled, to allow, without any statutory provision therefor, a rehearing upon the same question, between the same parties, and upon the same facts.

Nothing new or varying from the former facts is presented in this case; and if the town have the right to have this petition referred to the commissioners, or if the Court will entertain it, we do not see where the matter is to have an end. A judgment is a decision of the Court, reduced to form and made a matter of record. Two reports have been made upon the merits involved in this application; one by the commissioners laying out the road, and one by the commissioners refusing to discontinue it. Both of those reports have been accepted by the Court; and the decisions had thereon have been reduced to form and committed to the records. They have thus become judgments of the Court. The statute makes no provision for further proceedings upon the same facts, and we find no authority at common law to warrant it.

If the town desire any further proceedings in regard to the road, they should show another and further vote to discontinue. For aught that appears, the town would not now vote to discontinue. There may have been no change of circumstances and a majority of the town might not now desire the discontinuance. Upon a fresh vote, however, the presumption would be that new

49 *

facts had arisen; and the Court would probably take the same course with a petition founded upon such a vote, as though no prior application had been made; for it thus becomes a new case. How far the Court would go in entertaining repeated applications, made upon repeated votes, to discontinue, need not now be settled. Perhaps, as was said in the petition of Strafford, the Court would exercise a judicial discretion and reject the application. But this petition, being founded upon the same vote which formed the basis of the former application, cannot, for the reasons stated, be referred to the road commissioners.

*Petition dismissed.*