## PETITION OF HOWARD & a.

Under the provisions of the Revised Statutes, chap. 50, § 4, all petitions to the court of common pleas in relation to highways, will be referred to the road commissioners, if no sufficient objection appears.

Where a highway had been laid out in 1850, and discontinued by the road commissioners in 1852; and in 1854 a petition was presented for the same road to be laid out—*held,* that after the lapse of two years from the discontinuance of the road, the presumption would be that a new case had arisen, and that the petition should be referred to the road commissioners.

PETITION, for a highway in Chesterfield, in this county. At the September term of the court of common pleas, 1850, a report of the road commissioners was accepted, laying out the highway prayed for in the present petition, together with a continuation of the same road in the town of Swanzey.

At the March term, 1852, of the common pleas, a report of the road commissioners was accepted, discontinuing so

much of said highway as was within the town of Chester-field, proper proceedings in relation to such discontinuance having been had by the town.

The petition in the present case was filed in the clerk's office on the 17th day of February, 1854, and an order of notice was issued, returnable at the March term of the common pleas, of the same year. At that term the petitioners moved that the petition might be referred to the road commissioners. The town of Chesterfield appeared at the same term and objected to the reference. They contended that the highway having been so recently discontinued, and no change of circumstances having occurred rendering the road necessary for the public use or convenience, no petition ought then to be considered for the laying out of the high-way; and they moved that the petition be dismissed.

Evidence was taken by the parties upon the point whether there had been any change of circumstances since the acceptance of the report discontinuing the road.

The questions arising upon the several motions of the parties were transferred to this court for consideration.

*Wheeler & Faulkner*, for the petitioners. We contend:

I. That the presumption in this case is, that new facts have arisen since the discontinuance of the highway. *Petition of Strafford*, 14 N. H. Rep. 31; *Bath's Petition*, 2 Foster's Rep. 576.

II. That if no such presumption exists, the testimony shows the existence of such new facts as authorize the reference of the petition to the road commissioners.

*Carleton*, for the town.

The road in question having been so recently laid out and discontinued, the matter must be regarded as *res judicata*; and the petition should be dismissed. *Bath's Petition*, 2 Foster's Rep. 576.

Towns ought not to be subjected to the trouble and ex-

pense of defending, when repeated applications are made for the same highway.

II. No new facts have arisen since the discontinuance of this road, which were not fully considered by the commissioners, at the hearing before them; such as the court, in the exercise of a sound judicial discretion, would be likely to regard as important.

III. The evidence shows that so far as the public travel and public wants are concerned, there is less occasion for the highway now than at the time of its discontinuance, and that it is not required for the accommodation of the public travel; and highways can only be laid out when the public convenience and necessity require the same. *Dudley* v. *Butler*, 10 N. H. Rep. 281.

EASTMAN, J. By the general provisions of the statute, all petitions relating to highways, which are presented to the common pleas, are to be referred to the road commissioners, if no sufficient objection shall be made. Rev. Stat. ch. 50, § 4.

The court have, however, said that perhaps if the merits of a road petition had been repeatedly passed upon and examined, the court might, by analogy to proceedings in suits at law, exercise a legal discretion, and refuse to entertain it. *Petition of Strafford*, 14 N. H. Rep. 30.

The same suggestions were also made in *Bath's Petition*, 2 Foster's Rep. 576; and the petition in that case, which was a repeated one for the discontinuance of a highway, founded upon the same vote of the town to discontinue, was dismissed. But it was also held in that case, that, after a fresh vote of the town, the presumption would be that a new cause had arisen.

In the case before us, two years elapsed after the discontinuance of the road, before the presentation of this petition, and we are of opinion that, after such a lapse of time, the presumption would be that there was a case that should

go to the road commissioners under the provisions of the statute, and that we ought not to undertake to interfere in diverting the petition from its ordinary course.

The commissioners must decide whether the petitioners have any case or not, and whether there has been any change of circumstances that will justify the laying out of the road. It is unnecessary for us to say what our decision would be should they refuse to lay the road, and another petition be presented for the same object.

We have not examined the evidence, because, entertaining the views which we have expressed, we have deemed it unnecessary.

Our opinion is that the petition must be referred to the road commissioners.