READY *v.* MANCHESTER GAS LIGHT CO.

A party will not be granted a new trial on account of the relationship of a
juror to the other party, if he might, by the exercise of diligence, have
discovered the relationship before the trial.

CASE, for negligence.

*George W. Prescott* and *Oliver E. Branch*, for the plaintiff.

*Clough & Hale, Elijah M. Topliff*, and *Henry E. Burnham*, for
the defendants.

ALLEN, J.   After the verdict was returned, the plaintiff's coun-
sel moved to set the same aside and for a new trial because one
of the jurors at the trial was the son of a stockholder of the de-
fendant corporation, and furnished evidence that neither they nor
the plaintiff were aware of the juror's relationship to the defend-
ants' stockholder until after the trial.   The court found that the
plaintiff, by the exercise of diligence, might have ascertained the
relationship of the juror to a stockholder before trial, and denied
the motion.
   The fact that the plaintiff had sufficient time and opportunity
to make the necessary inquiry as to the juror's qualifications
before the trial and did not do it, is evidence to support the find-
ing of the court that there was a want of diligence on the part of
the plaintiff in not making seasonable inquiry.
   A verdict will not be disturbed by reason of the relationship of
one of the jurors to a party in interest, when the party moving

for a new trial might, by the exercise of diligence, have discovered the relationship before trial. *Harrington* v. *Railroad*, 62 N. H. 77, and cases cited; *Quinebaug Bank* v. *Leavens*, 20 Conn. 87, 89; *Woodward* v. *Dean*, 113 Mass. 297.

*Motion denied.*

CLARK, J., did not sit: the others concurred.