Coös,    }
Dec., 1900. }

### Cote v. Grand Trunk Railway Co.

In an action for negligence, the exclusion of evidence of injuries sustained by a third party at· the same time, on the ground of remoteness, presents no question of law.

Evidence tending to show unskillfulness or superficialty of examination on the part of a physician called as a witness, or contradicting him as to a material matter, is competent as bearing upon the weight to be given his testimony.

The denial of a motion to set aside a verdict as against the weight of evidence raises no question of law, and a refusal to report the evidence upon which such motion is based presents no ground for exception.

A verdict will not be set aside for an alleged disqualification of a juror, if the facts were known to the moving party when the jury were impaneled.

Case, for personal injuries.    Trial by jury and verdict for the defendants.    The plaintiff claimed that while she was a passenger on the defendants' railway she was injured by the sudden stopping of the car in which she was riding.    The plaintiff's son, who was with her at the time of the accident, testified to the nature and extent of the shock ; but his testimony relative to an injury received

by him at the same time was excluded, subject to the plaintiff's exception.

Dr. Marble, a witness for the plaintiff, testified that the plaintiff's heart was enlarged, that the specific gravity of her urine varied from normal, and that these were symptons of a nervous disease. Subject to the plaintiff's exception, Dr. Mitchell, called by the defendants, testified that until the enlargement of the heart was pointed out by the witness it was not discovered by Dr. Marble, and that the latter did not, at the time of this examination, attach much importance to the specific gravity of the urine as a symptom of nervous disease.

The plaintiff moved to set the verdict aside (1) because it was against the weight of evidence, and (2) because one of the jurors had formerly worked for the defendants and had a son who was in their employ at the time of the trial. The plaintiff excepted to a denial of this motion and to a refusal to report the evidence for the consideration of the court upon the question raised. The facts now claimed to constitute a disqualification of the juror were known to the plaintiff when the jury were impaneled.

*Albert S. Twitchell, Crawford D. Hening,* and *Daley & Goss,* for the plaintiff.

*Chamberlin & Rich* and *Clarence A. Hight* (of Maine), for the defendants.

YOUNG, J. The injury which the plaintiff's son received was relevant only so far as it tended to show the nature and extent of the shock which caused her injury; and since its tendency to prove this issue was remote, its exclusion raised no question of law. *Amoskeag Mfg. Co.* v. *Head,* 59 N. H. 332; *Gutterson* v. *Morse,* 58 N. H. 165.

The first part of Dr. Mitchell's testimony tended to prove that Dr. Marble was either unskillful, or that his examination of the plaintiff was superficial, and the last part tended to contradict him in respect of a material matter; and so was all competent on the question of the weight to be given his testimony.

The refusal to set the verdict aside because it was against the weight of the evidence raises no question of law; and the court rightfully refused to report the evidence, for this court has no appellate jurisdiction. Since the plaintiff knew when the jury were impaneled all the facts which she claims constitute a disqualification, she cannot now be heard to say that this juror was disqualified. *Ready* v. *Gas Light Co.,* 67 N. H. 147.

*Exceptions overruled.*

PEASLEE, J., did not sit: the others concurred.