7

Earl F. Stanton
vs.                    No. 41140
Benjamin C. Hawkins,
Adm'r.

DECISION

October 15, 1917

BROWN, J.  Amos M. Hawkins, the defendant's intestate, became bail on the original writ for David Rosenberg in an action in which the plaintiff recovered judgment against said Rosenberg, November 18, 1916, for $480.

In due course of proceedings execution issued for the amount, commanding the arrest of said Rosenberg, while execution has been returned into court with the officer's return indorsed thereon showing that the same is unsatisfied and that the body of said Rosenberg cannot be found.

This is a writ of scire facias against Benjamin C. Hawkins, administrator of said Amos M. Hawkins, deceased, brought under Chap. 324, sec. 7 of the Gen'l Laws (1909).

The defendant has demurred on the ground that no claim has ever been filed in the Probate Court against the estate of the deceased bail as required by statute in prosecution of claims against the estate of deceased persons. The plaintiff insists that this statute does not embrace a claim of this nature and that he may prosecute his writ of scire facias without first filing the claim in the Probate Court.

The language of Chap. 314, sec. 3 of the Gen'l Laws, 1909, is broad enough to embrace a cause of this character. The language is: "All persons having claims, including pending suits, preferred claims and claims, of the executor or administrator, against the estate of a deceased person shall file statements of their claims in the office of the clerk of the probate court," etc.

8

In speaking of this statute, the Supreme Court, in Gilbert vs. Hayward, 37 R. I. 303, at page 307, used the following language: "From the operation of this statute no claims are specially expected, and taking into consideration the whole statutory scheme for the early settlement of estates are required to be filed in the office of the clerk of said court."

In speaking of a similar case, where judgment had been rendered for the plaintiff in a writ of scire facias against bail, the Supreme Court, In re Potoshinsky (R. I.) 36 Atl. Rep. 878, said, "The judgment against the bail is an independent and cumulative remedy upon a cause of action distinct from that upon which the judgment against the petitioner (defendant in the original action), was founded. One may have judgments against different parties growing out of the same debt, the law taking care that there shall be but one satisfaction."

In view of the character of the plaintiff's claim as indicated by the language used in the two cases above cited, it appears that the case at bar clearly falls within the provision of the statute, and as it does not appear that the plaintiff's claim has been filed in the clerk's office of the probate court.

The demurrer is sustained.

For plaintiff:  A. B. Crafts.

For defendant:  Waterman & Greenlaw.