## ROBERTS v. PUBLIC SERVICE CO. OF NEW HAMPSHIRE et al.

District Court, D. New Hampshire.
Nov. 20, 1936.

Robert Upton, of Concord, N. H., for Mrs. Roberts.

Carl Jones (of Demond, Woodworth, Sulloway, Piper & Jones), of Concord, N. H., for Public Service Co.

MORRIS, District Judge.

This matter arises on the petition of the plaintiff, Alicia L. Roberts, filed August 1, 1936, praying that the verdict of the jury against her be set aside and a new trial granted.

The action tried by the jury was for an alleged assault upon the plaintiff by the defendant Murray an employee of the Public Service Company of New Hampshire.

Briefly stated, the plaintiff was about to open a restaurant at Wilton, N. H. She notified defendant Murray, a district manager of the company, to come and connect the lights. Murray went to the restaurant, but refused to make the installation until the plaintiff had made a deposit. He started to leave the building, when the plaintiff stepped in front of him to prevent his reaching the door. It is claimed by the plaintiff that Murray pushed her violently aside and against the door in his attempt to get out, causing serious injury by reason of the aggravation of a prior injury that she had received in an automobile accident.

The trial lasted approximately two weeks, resulting in a verdict for the defend-

ants. The plaintiff filed this motion to set aside the verdict on the ground that several of the jurors had important business relations with the defendant company which they failed to disclose when interrogated by the court, and because of this fact they were disqualified to sit in the case and the trial was rendered unfair.

At the hearing on the plaintiff's motion two jurors were summoned and their testimony taken. One juror testified that he was a resident of the town of Hancock, N. H., and an electrical contractor by trade, that the Public Service Company of New Hampshire supplied electricity to the town, and that his only connection with the company was that, when he did an electrical wiring job, it was necessary for him to apply to the defendant for power connections, and in the case of the installation of meters the defendant's approval of the location of the meters was necessary and he paid the company for lights in his residence in common with other people of the town.

The other juror to testify operates a hotel in Keene, N. H., and purchases his gas and electricity from the defendant company at an average cost of $200 per month. He said he had been in the hotel business for approximately fifteen years and that about ten years ago the Public Service Company lodged a line crew in his hotel for a time and that it paid by check for the crew's entertainment. Since then, his being the only hotel in Keene, employees when on business in the city staid there, paying their own bills as other guests.

The court in examination of the jury on the voir dire inquired if any of them were officers, agents, or employees of the Public Service Company of New Hampshire, or the Public Service Company of New England, owner of stock in the Public Service Company of New Hampshire. The last part of this question was suggested by counsel for the plaintiff in chambers in advance of the impaneling of the jury. They were also inquired of as to whether they held stocks or bonds in either company; whether they had any business connections with the parties or knew of any reason why they might not sit and try the case fairly upon the law and the evidence as they heard it in court; whether they had heard or read anything about the case so they had formed an opinion as to its merits; and whether they had any actions in court wherein counsel seated at the tables were counsel for or against them. The two jurors who were called to testify as to this motion remained silent.

Upon the facts stated I am asked to hold that the trial was rendered unfair because of the disqualification of the two jurors above mentioned.

I hold that as to all outward appearances, at least, the trial was fair and there was abundant evidence to warrant the verdict of the jury. I am not disposed to set aside the verdict unless required to do so by some decisive principle of law.

Counsel for the plaintiff calls attention to a line of cases holding that a taxpayer in a town is disqualified to sit as a juror in a case wherein the town is a party. This principle seems to be well established. In re Petition of Nashua, 12 N.H. 425; Page v. Contoocook Valley R. R., 21 N.H. 438; Alexandria v. Brockett, 1 Fed.Cas. p. 392, No. 181; Broadway Mfg. Co. v. Leavenworth T. R. & B. Co., 81 Kan. 616, 106 P. 1034, 28 L.R.A.(N.S.) 156.

Following the line of the above-mentioned cases, the plaintiff argued that, if a verdict had been found against the defendant company, it would have to be paid from rates collected from its customers, as it has no other source of income and that these rates, like taxes, would be imposed on the patrons of the company.

It is a question just how far this principle can be extended as a matter of law in the absence of any evidence of misconduct or bias on the part of a juror. There must be a line of demarcation when considered as a legal question. What interest on the part of a juror will disqualify him? For illustration, we all pay taxes to the state and county. In addition to such taxes, rates may be increased by a verdict against a resident citizen which reduces to an appreciable extent the proportion of tax that he may pay and correspondingly increases the tax that all others may pay. The amount may be infinitesimal but it illustrates what I have said that there must be a legal demarcation.

Most persons have business relations with the railroad and telephone company. If such business relations are held to be a disqualification for a juror sitting in a case wherein the railroad or a telephone company are a party, it would be almost impossible to draw a jury.

I am constrained to hold that the mere fact that an individual pays a telephone company or an electric light company for

service in common with all other individuals in the community does not disqualify him from sitting as a juror as a matter of law.

Rates of public service corporations are under the supervision of state administrative bodies.

But there is still another reason why I ought not set aside the verdict in this case. The case was tried at a term of this court beginning April 28, 1936. Jurors to serve at that term were drawn at least two weeks in advance and counsel furnished with a list showing the residence and occupation of each juror. A considerable number of cases were tried and the same jurors kept in attendance until the Roberts case was reached on June 24. It is a well-known fact that the Public Service Company of New Hampshire supplies electricity and power for nearly all of the southern part of New Hampshire extending north as far as Carroll county. It is the only company supplying the city of Keene. There was plenty of opportunity for counsel to investigate the relations, contractual or otherwise, between every individual juror and the defendant, and, if they had done so, they would have learned that the residence of one and the hotel of the other were lighted by the defendant corporation.

In the case of Harrington v. Manchester & L. Railroad, 62 N.H. 77, it is stated: "The general rule derived from the cases is, that if the party has used reasonable diligence to ascertain the competency of a juror, and has failed to discover disqualifying facts afterwards proved, and which might operate to his prejudice in the trial, the verdict will be set aside; otherwise not."

It does not appear in the instant case that any diligence was used on the part of the plaintiff or her counsel to ascertain the competency of the two jurors in question. It could have been easily ascertained that the Public Service Company of New Hampshire supplied light and power in the city of Keene and the town of Hancock, from which the deduction would follow that the individual jurors were patrons of the company. See Ready v. Manchester Gas Light Company, 67 N.H. 147, 36 A. 878, 68 Am.St.Rep. 642; Hersey v. Hutchins, 70 N.H. 130, 46 A. 33.

For the reasons herein stated, the petition of the plaintiff to set aside the verdict and for a new trial is denied.