## CHARLES N. MURRAY vs. ELIHU F. CHASE.

Essex.   Nov. 9, 1882. — Jan. 6, 1883.   C. ALLEN, COLBURN & HOLMES, JJ., absent.

An affidavit, made and signed by the attorney of one party to an action, — stating that a material witness is sick and unable to attend the trial, and would, if present, testify to certain facts set forth, as he has been informed by his client, — and filed for the purpose of procuring a continuance of the trial, which is refused, upon the adverse party admitting that the witness would, if present, testify to the facts stated in the affidavit, and agreeing that the same should be received and considered as evidence, is not admissible in evidence for the adverse party, upon the witness appearing and testifying materially differently from what it was stated in the affidavit he would testify to, it not appearing that the affidavit was known to or authorized by the party in whose behalf it was made.

TORT for assault and battery.   Answer, a general denial.

In the Superior Court, before *Rockwell*, J., two days before the trial began, the defendant's attorney moved for a continuance, on the ground of the absence and sickness of the defendant's wife, an important witness; and the attorney made and filed an affidavit, signed by himself, alleging that the defendant's wife was a material witness, that she was sick and unable to attend the trial, and that, if present, she would testify to certain facts set forth, as he had been informed by the defendant.   The plaintiff, under the 26th rule of the Superior Court, admitted that the witness would, if present, testify to the facts stated in the affidavit, and agreed that the same should be received and considered as evidence on the trial, in like manner as if the witness was present and had testified thereto; and a continuance was refused.

At the trial, the defendant's wife appeared as a witness, and testified materially differently from what it was stated she would testify to in the affidavit. The plaintiff then offered the affidavit in evidence; and it was objected ·to by the defendant, and excluded by the judge, against the plaintiff's exception.

The jury returned a verdict for the plaintiff in the sum of one cent; and he alleged exceptions.

*E. J. Sherman & C. U. Bell*, for the plaintiff.

*J. C. Sanborn*, for the defendant.

MORTON, C. J. We can see no ground upon which the affidavit of the defendant's attorney, made for the purpose of procuring a continuance, was competent evidence. The plaintiff contends that it is admissible under the rule which permits proof that a party to a suit has suppressed evidence, or has suborned or attempted to suborn a witness. Such acts of a party are competent, because they are in the nature of admissions, and tend to show a consciousness that he has not a good case, the fair inference being that, if a man has a good case, he will not resort to corrupt means to sustain it. This rule cannot justly be extended to cover this case. The affidavit is not the act of the defendant; it does not appear that it was made by the counsel in his presence or by his dictation, or that he ever approved it or even knew that it had been made. There is nothing to show that the error in stating what the defendant's wife would testify to was not an innocent mistake of the counsel. If a similar affidavit made by the defendant himself would be competent, which we need not decide, this bill of exceptions does not show that he authorized or is responsible for the erroneous statements of his counsel. *Exceptions overruled.*