Carroll,
· Dec., 1899.

HERSEY v. HUTCHINS.

An instruction is properly refused when there is no evidence to which it can apply.

The failure to call an accessible witness warrants the argument that his testimony would have been unfavorable.

The remark of counsel, that his client's failure to provide expensive plans was due to poverty, is not objectionable when there is evidence as to her means, and rude plans furnished by her have been compared in argument with elaborate surveys submitted by the opposite party.

A verdict will not be set aside because a juror was related to the plaintiff's husband in the sixth degree, when there is no evidence that the moving party used due diligence to ascertain the fact before trial.

WRIT OF ENTRY. Trial by jury and verdict for the plaintiff, who claimed title both by deed and by adverse possession. The defendant excepted to a refusal to instruct the jury that a mistake of a boundary line is not a foundation for adverse possession. There was no evidence to which such instruction could apply.

The defendant testified that one Buck, a former agent of the defendant's grantor, had been present at the trial, at the defendant's request, but was allowed to depart without testifying. Subject to exception, the plaintiff's counsel argued that this showed that the defendant could get no aid from Buck's testimony.

There was evidence that the defendant employed three surveyors upon the disputed territory, who made numerous and elaborate plans, and that he once said to the plaintiff, in a conversation with her about this land: "Well, I would n't go to law about it;

it takes money to handle law, and you know you work hard and you can't afford it." In the closing argument, the plaintiff's counsel, in replying to some comment of the defendant's counsel upon the plaintiff's and defendant's plans, said: "Our client here is a woman of small means; she couldn't be at the expense the defendant has in making surveys." The defendant objected, counsel withdrew the remark, and the court told the jury not to consider it, because in a court of law all parties stand on equal terms, and their relative wealth or poverty should not affect the decision.

After the trial, the defendant moved to set aside the verdict because a juror was great-grandson of Jonathan Hersey, as was also the plaintiff's husband.

*Worcester, Gafney & Snow*, for the plaintiff.

*Edgerly & Mathews, Arthur L. Foote*, and *Sewall W. Abbott*, for the defendant.

PEASLEE, J. The instruction as to adverse possession was properly refused, there being no evidence to which it applied. "A judge is not bound to instruct the jury upon an abstract proposition; and before he can be required to give particular instructions, there must be evidence, relevant and pertinent, on which to found them." *Woodman* v. *Northwood*, 67 N. H. 307, 309.

The plaintiff's argument as to the inference to be drawn from the defendant's failure to call accessible witnesses was not objectionable. *Mitchell* v. *Railroad*, 68 N. H. 96, 117.

The argument that the plaintiff, having small means, could not be to so great an expense as the defendant had been to in procuring plans, stated no fact that was not in evidence. It was proper to suggest to the jury that the rudeness of her plans was not due to a purpose of withholding information from them, but to her want of means to procure more elaborate ones. This view was properly urged upon the jury as an answer to the defendant's comments upon the comparison of his plans with hers. The conduct of the parties in preparing for trial is always a fair matter for argument. *State* v. *Staples*, 47 N. H. 113; *Murray* v. *Chase*, 134 Mass. 92. The instruction that the case was not to be decided upon the fact as to the comparative wealth or poverty of the parties was correct; but the direction to the jury to entirely disregard the remark of counsel, took from the plaintiff her right to have the circumstance of her limited means considered upon the question of why she did not furnish more or better plans. Whatever error there was in these rulings was favorable to the defendant, and he cannot now complain of it.

The motion to set aside the verdict because a juror was related to the plaintiff's husband in the sixth degree, must be denied. It does not appear that either of the parties or their counsel knew of the relationship when the jury were impaneled. In such case, the burden of showing both a want of knowledge and due diligence in efforts to discover the objectionable fact is placed upon the party moving for a new trial. *Harrington* v. *Railroad*, 62 N. H. 77. There is nothing in the case to show that the defendant used any diligence to discover the relationship, and the motion fails for lack of proof of an essential fact. It is therefore unnecessary to decide whether the relationship would be a disqualification.

*Exceptions overruled.*

WALLACE, J., did not sit: the others concurred.