SAMUEL BUTTER *vs.* LEWIS SOVRENSKY.

Suffolk.    February 25, 1931. — March 6, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & FIELD, JJ.

*Practice, Civil,* Notice to admit facts.   *Attorney at Law.*

An answer, purporting to be filed by a party in an action at law in response to a notice by the opposing party under G. L. c. 231, § 69, as amended by St. 1926, c. 381, § 1, is not admissible in evidence if it is signed in his behalf by an attorney and not by himself.

CONTRACT by the payee upon ten promissory notes signed by the defendant as maker. Writ dated January 20, 1930.

In the Superior Court, the action was tried before *Morton,* J. Material evidence and an exception by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $1,071. The defendant alleged exceptions.

*H. Bergson & H. Kalus,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

RUGG, C.J. This is an action of contract brought by the plaintiff to recover on a series of promissory notes, dated October 24, 1927, payable to his order and signed by the defendant. One of the defences at the trial was that the notes were given as a result of a corrupt bargain whereby the plaintiff was to receive a much larger percentage than other creditors of the defendant on a settlement made by the defendant with all his creditors, and were void for illegality. There was testimony tending to show that there was no such preference to which the plaintiff was a party. This was sharply contradicted by other testimony. The plaintiff, called as a witness, admitted his signature to a composition agreement signed by himself and numerous other creditors of the defendant. The plaintiff was then asked if since this action was brought he had consulted with his counsel with reference to certain facts which he was asked to admit or deny. He stated that he made no statements to his counsel in reference to the case. The plaintiff was then asked whether or not his attorney had inquired of him if, on or about October 24, 1927, he signed with other creditors a composition agreement to accept twenty per cent in full settlement of their claims against the defendant, to which the plaintiff replied that he did not remember. The defendant then offered in evidence a notice to admit facts filed by the defendant to the plaintiff and the answers thereto made purporting to be signed not by the plaintiff but by his counsel. The judge refused to permit the answers so filed to be read; the defendant duly excepted. One of the facts contained in the notice which the plaintiff was asked to admit was whether he had signed the composition agreement. With respect to this

paragraph of the notice the answer denied the fact. It is assumed that the answer if signed by the plaintiff would have been admissible.

It is provided by St. 1926, c. 381, § 1, amending G. L. c. 231, § 69, that " In any action at law . . . a party by written notice filed in the clerk's office and served by copy on the other party or his attorney . . . may call upon the other party to admit . . . any material fact or facts or the execution of any material paper or document which he intends to use at the trial . . . . Such notice, in so far as it relates to a material fact or document, and any answer filed in response thereto shall, if offered by the party who filed such notice, be admitted in evidence." Certain penalties may follow refusal to answer. See First Report of the Judicial Council of Massachusetts, pages 43, 44, 144. This statute requires by its fair interpretation that the answers be signed by the party himself and not merely by his attorney. The answers well may vitally affect the rights of a party. Answers to such notice commonly and perhaps necessarily depend upon facts chiefly, if not entirely, within the knowledge of the party. The notice would not ordinarily elicit facts within the personal knowledge of the attorney. It is beyond the scope of the duties of an attorney to make such answers in behalf of his client. It was said by Gray, C.J., in *Moulton* v. *Bowker,* 115 Mass. 36, 40: " An attorney at law has authority, by virtue of his employment as such, to do in behalf of his client all acts, in or out of court, necessary or incidental to the prosecution and management of the suit, and which affect the remedy only, and not the cause of action." Plainly answers to such notice might often affect the cause of action. That is the very purpose of the statute. Answers in response to such notice bear a close analogy to answers to interrogatories and to depositions. Of course, admissions may be made in pleadings filed by attorneys in behalf of parties. Admissions of that nature, however, are for the purpose of clarifying and simplifying the issues to be tried and come well within the scope of an attorney's authority as just defined. *James* v. *James,* 260

Mass. 19, 23. *Hale* v. *Wheeler*, 264 Mass. 592, 593. *Clarke* v. *Taylor*, 269 Mass. 335, 337 and cases cited. To make answer binding upon a party to questions relating to the issues to be tried is quite outside the scope of pleadings, depends upon knowledge of facts, and is something that under the terms of the statute rightly interpreted requires the sanction, over his signature, of the party. There are numerous authorities supporting in principle this conclusion. *Shores* v. *Caswell*, 13 Met. 413. *Murray* v. *Chase*, 134 Mass. 92. *Pickett* v. *Hair*, 146 Mass. 1. *See* v. *Norris*, 234 Mass. 345, 349. *Vaughn* v. *Robbins*, 254 Mass. 35, 36. *Precious* v. *O'Rourke*, 270 Mass. 305, 308, and cases cited. See *Boston Morris Plan Co.* v. *Barrett*, 272 Mass. 487.

*Exceptions overruled.*