Morton, J.
This is an action of tort to recover damages for personal injuries incurred in a collision of automobiles. The defendant was a non-resident, and, although the report does not so state, we assume that one of the automobiles was owned or operated by him.
This case was tried with the case of Dorothy DeLuea, p. p. a. against this defendant, A. D. #1957. The attorney for the plaintiff in each case made service upon the Registrar of Motor Vehicles in accordance with Gr. L. (Ter. Ed.) Ch. 90, §3c, paid to him the fee as required by that statute, and sent by registered mail to the defendant in one envelope notice of such service and a copy of the process. Thereafter the attorney for the plaintiff in each case forwarded by mail to the Clerk of Court the declaration and, in the same envelope, the return receipt signed by the defendant. The Clerk of Court filed such return receipt in the case in which Dorothy DeLuea was plaintiff. No affidavit of service, as required by the statute, was filed with the declaration in either case.
*486 The defendant filed a special appearance and a motion to dismiss each action, we presume, on account of the alleged failure to comply with the statute as hereinafter set forth, although the report does not so state. The plaintiff filed motion for leave to file the affidavit of service late. This motion was allowed in each case, and the Court made the following notation thereon: “Allowed and if Receipt is not good as to both cases, then I find the Receipt on file applies to the P. P. A. case. ’ ’ There was an error in this notation as the receipt was filed in the P. P. A. case, and what the Court intended to rule was that it should apply to- the other ease.
As we have said, the reasons stated by the defendant in support of his motion to dismiss are not set forth in the report. From his brief we infer that there are two reasons ; the first is because the return receipt was not filed in the case of this plaintiff, and the reference thereto in the case of Dorothy DeLuca. was not a filing thereof with the papers in this case in compliance with the statute; and because in the case of Dorothy DeLuca, the Clerk, upon receiving all the papers in one envelope, accidentally or arbitrarily filed the return receipt in her case, and it is contended that such filing was not in compliance with the statute. The defendant submits as a further reason in each case for a dismissal of the action, the fact that the affidavit was signed by the attorney and not by the party.
The allowance by the .Court of the motion of the plaintiff to file the affidavit late was proper. The end to be accomplished in requiring the filing of a document, such as the affidavit in this case, within a certain time, is different from the requirement as to the filing of exceptions within a certain time. The distinction between the two cases, and the fact that the action of the Court was entirely proper in allowing a late filing of the affidavit, is set forth in Boston Morris Plan v. Barrett, 272 Mass. 487 at page 496.
*487 In support of his contention that the affidavit should he signed by the party and not the attorney, the defendant cites Butter v. Sovrensky, 275 Mass. 88. In the case cited it was held that where a party is called upon to admit facts under provisions of G. L., Ch. 231, §69 that such admission of facts shall be signed by the party himself. The decision was based upon the fact that answers to such a notice might often affect the cause of action, as distinguished from the remedy, that such facts are not ordinarily within the personal knowledge of the attorney, and to sign such a document is beyond the scope of his ordinary duties. The language of the opinion with regard to these matters is contained at page 90 and is as follows
“This statute requires by its fair interpretation that the answers be signed by the party himself and not merely by his attorney. The answers well may vitally affect the rights of a party. Answers to such notice commonly and perhaps necessarily depend upon facts chiefly, if not entirely, within the knowledge of the party. The notice would not ordinarily elicit facts within the personal knowledge of the attorney. It is beyond the scope of the duties of an attorney to make such answers in behalf of his client . . . Plainly answers to such notice might often affect the cause of action. That is the very purpose of the statute. Answers in response to such notice bear a close analogy to answers to interrogatories and to depositions. Of course, admissions may be made in pleadings filed by attorneys in behalf of parties. Admissions of that nature, however, are for the purpose of clarifying and simplifying the issues to be tried and come well within the scope of an attorney’s authority as just defined.”
The situation in the case at bar is quite different. Here the affidavit required affects only the remedy, is a matter within the implied powers of an attorney, consisting merely of effecting service of process upon the defendant, and, moreover, contains facts which are more likely to be within the *488 personal knowledge of the attorney than of the party, because the party would not ordinarily take any action with regard to the service of process. For these reasons we think the affidavit was properly signed by the attorney. The implied powers of an attorney are succinctly set forth in Precious v. O’Rourke, 270 Mass. 305 at the top of page 308 where the Court says:
“An attorney acting under his general employment has broad powers to do the things necessary or incidental to the prosecution and management of the case which affect the remedy and not the cause of action.”
The filing of the affidavit in the case at bar was included in the broad powers of the attorney, as the affidavit was a thing necessary or incidental to the prosecution and management of the case, affecting only the remedy and not the cause of action.
That compliance with Chapter 90, §3c, is a matter of practice and procedure is clearly set forth in Duggan v. Ogden, 278 Mass. 432 where the Court, in referring to this specific section of the statute, says at page 435:
“These changes relate to practice and procedure and not to substantive rights . . . Practice and procedure include the mode of proceeding and the formal steps by which a legal right is enforced. Those words comprehend writs, summonses and other methods of notice to parties as well as pleadings, rules of evidence and costs. Practice and procedure indicate the forms for enforcing rights as distinguished from the law which creates, defines and protects rights.”
We agree with the contention of the defendant that the statute in question must be strictly construed. Strict construction thereof, however, would not require the signature of the party only, for the reasons hereinbefore set forth.
With regard to the filing of the return receipt in the papers, it appears that only one registered letter was sent, and *489 that, in consequence thereof, only one return receipt would be returned, and obviously one paper could not be filed physically in two different cases.
"We think that the notation or ruling of the Court that the return receipt filed in one case should be applicable to the other case was entirely proper and correct procedure. The object of the statute is not only to provide for service of notice upon the defendant of the pendency of the action, but also to provide a means for the trial court to know that such service has been made. The forwarding of the return receipt with the papers in both cases by mail to the Clerk without specific directions as to filing the return receipt would give the Clerk implied authority to file the return receipt in either case and, if necessary, to make a cross-reference thereof, or thereto, in the other case. In the absence of such cross-reference the Court could, as it did, rule or find that the return receipt was applicable to both cases. In Boston Morris Plan v. Barrett, above cited, the Court says at page 490:
“Wide powers have been vested in courts to grant amendments of form or substance to process, pleadings or proceedings in order to enable justice to be done.”
Such language is somewhat applicable to the situation in the cases at bar and we think that justice would not be done if it should be found that the return receipt was not duly filed in the case of Antonio DeLuca under the circumstances above set forth.
There was no error in the denial of the motion of the defendant to dismiss this action and an order will be entered dismissing the report.