Hillsborough, }
Nov. 1, 1938. }

CHARLES HAZEN *v.* P. H. RICE CORPORATION.

SAME *v.* RICHARD BARRY.

*Saidel, Lemelin, Hurley & Betley (Mr. Betley* orally), for the plaintiff.

*John J. Sheehan* and *William P. Phinney (Mr. Phinney* orally), for both defendants.

WOODBURY, J. There are two reasons why the plaintiff's motion must be denied. In the first place the challenges in each instance are not for principal cause but are to the favor, (*State* v. *Howard,* 17 N. H. 171, 190, *et seq; Wood* v. *Wood,* 52 N. H. 422, 429; *State* v. *Perkins,* 70 N. H. 330), and so present not a question of law for this court but one of fact for the court below, which question by necessary

inference from the general denial of the plaintiff's motions for a new trial, was there decided adversely to him. *Lavigne* v. *Lavigne*, 80 N. H. 559, 561, and cases cited.

In the second place the plaintiff did not raise the question until too late. Whatever the ancient practice may have been, (*Rollins* v. *Ames*, 2 N. H. 349; *Page* v. *Railroad*, 21 N. H. 438; *Ela* v. *Mc-Conihe*, 35 N. H. 279) it is now and has for a long time been definitely established that counsel will be considered to have waived challenges to the favor unless such challenges are made prior to trial. *Harrington* v. *Railroad*, 62 N. H. 77; *Ready* v. *Company*, 67 N. H. 147; *Hersey* v. *Hutchins*, 70 N. H. 130, 132; *Bickford* v. *Franconia*, 73 N. H. 194, 196; *Roberts* v. *Company*, 78 N. H. 491. To escape the application of this rule it is not enough for moving counsel to show that until after verdict he was ignorant of the existence of cause for challenge. He must go further and show "due diligence in efforts to discover the objectionable fact," (*Hersey* v. *Hutchins*, *supra*), and there is nothing to show that in the case at bar counsel for the plaintiff made any inquiry at all to discover either the business dealings of one juror with the defendant corporation or the relationship of the other to an employee of that defendant's insurance carrier. It follows that the plaintiff's motion must fail for lack of proof of an essential fact.

The case of *Shulinsky* v. *Railroad*, 83 N. H. 86, relied upon by the plaintiff, is not in point. In that case moving counsel failed to challenge a juror before trial because of false information obtained under authority of the court from counsel on the other side. No such situation is here presented. In the case at bar counsel for the defendant, although he knew of the juror's relationship to the employee of the insurance carrier, was not asked to disclose it and did not know that the plaintiff and his counsel were ignorant thereof. In addition it was found as a fact that defendants' counsel acted in all fairness to the court and to opposing counsel, and would have made disclosure of his knowledge had not counsel for the plaintiff expressed himself as satisfied with the juror in question.

*Exception overruled.*

BRANCH, J., was absent: the others concurred.