CHESTER L. PIPER *v.* NATHANIEL M. FLAGG.

*Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the plaintiff.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the defendant.

MARBLE, J.   Defendant's counsel question the sufficiency of the evidence to sustain the trial court's conclusion that both jurors knew that the defendant "was insured with the automobile company, at the time of the trial, and that the insurance company was defending the case."   The jurors testified that they knew that the defendant solicited insurance for the Farm Bureau fire insurance company, and it could be found that they also knew that he had some connection with the automobile company; but they were not asked if they

knew he was insured by the latter company or if they knew that that company was conducting the defense of the action. An affirmative finding that they had knowledge of these facts could not properly be based solely on their appearance and manner of testifying. *Albee* v. *Osgood*, 79 N. H. 89, 94.

But even if they possessed such knowledge, they were not necessarily disqualified. The evidence plainly indicates that the recovery of a verdict against the defendant would not, in any reasonable likelihood, have meant an increase in the premiums charged the policyholders of the automobile company or the levying of an assessment against them; and it is the rule in this jurisdiction that "a juror may have a minute and remote interest" in the outcome of the cause and yet "be found indifferent." *State* v. *Sawtelle*, 66 N. H. 488, 529; *Opinion of the Justices*, 75 N. H. 613, 618; P. L., c. 321, s. 31 (R. L., c. 375, s. 31).

In the case of *Shulinsky* v. *Railroad*, 83 N. H. 86, the defendant lost the right to challenge a juror because of "false information furnished under the court's authority." In such a situation a finding that the juror was indifferent could not render the verdict valid. The argument that a comparable situation here exists must be rejected. No inquiry concerning the jurors' interest in the Farm Bureau companies was made at the trial either by the court or by counsel, and if the jurors' silence could, as the plaintiff contends, be regarded as false information, there is no evidence that the plaintiff relied upon it. For aught that appears, the plaintiff may have known all the facts of which he now complains and waived his right to object.

There is no merit in the plaintiff's contention that the court's general finding that the jurors were disqualified includes the special finding that the plaintiff was diligent, no request for a special finding to the contrary having been made. In the first place, the court's reference to the *Shulinsky* case as sufficient authority for the conclusion reached would indicate that the general finding, so called, is not strictly a finding of fact but rather a ruling of law. In the second place, the defendant's motion to dismiss, made at the conclusion of the evidence, raised the question of the sufficiency of the evidence as to every essential element of the plaintiff's claim (*Record* v. *Corporation*, 89 N. H. 1, 7), and one of the essential requirements ncumbent on the plaintiff was proof that he had used due diligence to discover the jurors' competency (*Hazen* v. *Corporation*, 89 N. H. 522, 523). In the *Shulinsky* case a finding of due diligence was

properly made, but in the present case neither the plaintiff nor his counsel saw fit to testify, and there is a total dearth of evidence from which any exercise of diligence on their part could be inferred.

*Exceptions sustained.*

BURQUE, J., did not sit: the others concurred.