Rockingham,
No. 6324.

OAKLEY MERRIAM & a. v. TOWN OF SALEM.

July 24, 1972.

*Sayer & Giordano* (*Mr. James A. Sayer, Jr.,* orally) for the plaintiffs.

*Soule & Leslie* (*Mr. Lewis F. Soule* orally) for the defendants.

GRIFFITH, J. The Board of Adjustment for the Town of Salem denied plaintiffs' request for either a variance or an exception to establish a mobile and modular home park in a commercial-industrial district in the town. On appeal the cases were tried before *Leonard C. Hardwick,* Esquire, as Master. He found the board's denial of an exception or variance not unjust or unreasonable. He further found that the decisions of the board were made in executive session excluding the public in violation of the town zoning ordinance. Ruling that this nullified the board's action he recommended the cases be remanded to the board for compliance with the ordinance but without further hearing. The Trial Court (*Keller,* C.J.) accepted the report and reserved and transferred plaintiffs' exceptions.

The hearing before the board was transcribed and available to the master and is an exhibit here. The plaintiffs' counsel

in the hearing before the master called as his only witness the chairman of the board. In the course of his examination he posed various questions calling for interpretations of law and others apparently designed to obtain the chairman's reasons for voting as he had on various cases. Objections to these questions were sustained and plaintiffs excepted to their exclusion.

In their brief and argument plaintiffs appear to have properly abandoned the claim that they are entitled to have the chairman's interpretation of the law. They insist however that they have a right to examine board members as to their "subjective and objective standards in granting and denying variances and exceptions." In their argument before the master, plaintiffs claimed the answers would be relevant to sustain their burden of proof that the decision of the board was "unjust or unreasonable." RSA 31:78. Plaintiffs' burden of proof in zoning appeals is sustained by evidence that the decision of the board could not be reached by reasonable men. *Vannah* v. *Bedford,* 111 N.H. 105, 112, 276 A.2d 253, 258 (1971); *Sweeney* v. *Dover,* 108 N.H. 307, 310, 234 A.2d 521, 523 (1967); *Bouley* v. *Nashua,* 106 N.H. 79, 205 A.2d 38 (1964). They failed to produce such evidence either before the board or the master and the deficiency could not be supplied by the "subjective and objective standards" of the individual board members which are irrelevant to the issue. Furthermore, since the board members were acting in a judicial capacity they may not be required to answer inquiries into the mental processes by which their decisions were reached. *State ex rel Childs* v. *Hayward,* 109 N.H. 228, 230, 248 A.2d 88, 90 (1968).

In their brief, plaintiffs introduce an argument on this issue not made to the master. They claim they intended to show by these questions that the board was prejudiced against mobile homes. This appears to be an argument that the board is disqualified because of prejudice and such a claim may not be successfully argued here for the first time in the case. *Gelinas* v. *Portsmouth,* 97 N.H. 248, 85 A.2d 896 (1952); *Hazen* v. *Corporation,* 89 N.H. 522, 2 A.2d 449 (1938). In any event, were the claim correct it would not require disqualification of the board. *N.H. Milk Dealers' Ass'n* v. *Milk Control Board,*

107 N.H. 335, 339, 222 A.2d 194, 198 (1966). No other reasons have been advanced by the plaintiffs in support of their position and the questions were properly excluded by the master.

There is no merit in the argument of the plaintiffs that article V of the zoning ordinance covering the commercial-industrial district of plaintiffs' property permits mobile homes. The Salem Zoning Ordinance specifies permitted uses in each zone and mobile homes are permitted only in the mobile home district under article VII. The ordinance clearly indicates an intention to treat mobile homes as a distinct district and to exclude them from other zones. *Spicer* v. *Claremont,* 104 N.H. 461, 464, 189 A.2d 496, 498 (1963). The trial court's order remanding the case to the board for further action in conformity with its decree was one authorized by RSA 31:83.

Defendants argue here that the remanding order was not required since the violation of the ordinance by the executive private session did not invalidate the board's denial of either the variance or exception. We have not considered this argument since the defendants saved no exceptions in the trial court and none have been transferred here. *See Barton* v. *Manchester,* 110 N.H. 494, 272 A.2d 612 (1970).

*Remanded.*

All concurred.