Rockingham
No. 83-244

## Fifield Island, Inc. & a.

v.

## Town of Hampton

April 19, 1984

*Seth M. Junkins*, of Hampton, by brief and orally, for the plaintiff.

*Shaines, Madrigan & McEachern P.A.*, of Portsmouth (*Gregory D. Robbins* on the brief and orally), for the defendant.

BATCHELDER, J.   The plaintiffs own a 2.2 acre parcel of land (Lot 23) located in the town of Hampton. The plaintiffs appealed to the superior court the Hampton Zoning Board of Adjustment's (ZBA) denial of their request for a building permit to construct a single family residence on Lot 23. The Master (*R. Peter Shapiro*, Esq.) recommended that the ZBA's ruling be reversed, and the Superior Court (*Nadeau*, J.) approved the master's recommendation. The defendant appeals from this ruling. We affirm.

Lot 23 is part of a larger tract of land covering approximately 27 acres and known as the Fifield Island Development (development). All but the 2.2 acres in question is located in the town of North Hampton. The plaintiffs sought subdivision approval with respect to the North Hampton portion of the development in 1969, with final approval being granted in 1971 by the North Hampton Planning Board. That part of the development was, accordingly, subdivided into 22 lots, all located in North Hampton. The remainder of the development, the 2.2 acres in question, lies in Hampton and, conse-

quently, is outside the jurisdiction of the North Hampton Planning Board.

Lot 23 is in a Residence A district, as defined by the Hampton Zoning Ordinance. A single family dwelling is a permitted use in a Residence A zone. Article IV, Section 4.2, of the Hampton Zoning Ordinance requires a minimum street frontage of 125 feet for a residence to be constructed on a lot in a Residence A zone. Lot 23 has *no* frontage on an approved street in the town of Hampton. Easements exist granting access from Lot 23 to an approved street located in the town of North Hampton, which street provides ingress and egress to the main arteries of North Hampton for all the lots in the development.

The ZBA ruled that the plaintiffs were not entitled to a building permit because Lot 23 does not meet the frontage requirements of Article IV, Section 4.2, of the Hampton Zoning Ordinance. It also denied the plaintiffs a variance because in order to service this parcel with police, fire and other town services, a three-quarter mile round trip over North Hampton roads would be necessary. The plaintiffs argue, and the master ruled, that Lot 23 does not have to meet the frontage requirements because of a "grandfather clause" contained in a footnote to the zoning ordinance. Footnote 6 to Article IV, Section 4.2, reads: "Except if on record or having tentative Planning Board Approval prior to March 10, 1970."

On the applicability of Footnote 6 to Lot 23, the issues at the superior court were whether Lot 23 was a lot of record prior to March 10, 1970, and whether Footnote 6 exempts such a lot of record from the street frontage requirements of the Hampton Zoning Ordinance.

■■ "A decision of the [zoning board of adjustment] may not be set aside by the superior court unless there is an error of law, or the court is persuaded by the balance of probabilities, on the evidence before it, that said decision is unreasonable." *Biggs v. Town of Sandwich*, 124 N.H. 421, 427, 470 A.2d 928, 932 (1984). "Construction of the terms of a zoning ordinance is a question of law upon which this court is not bound by the interpretations of the zoning board." *Brennan v. Winnipesaukee Flagship Corp.*, 122 N.H. 524, 526, 446 A.2d 1175, 1177 (1982).

The defendant argues that Lot 23 was not a "lot of record" prior to March 10, 1970, and that historically a building permit would not be given for a parcel of property where it did not have some frontage on an approved street in Hampton. With respect to this latter argument, the plaintiffs point to the evidence in the record which demonstrates that building permits have been granted for a number of lots which have street frontage only in the town of Seabrook.

The record contains no definition of "lot of record" as that term is used in the Hampton Zoning Ordinance. The only evidence in the record concerning the meaning given to this term, as it is used in Footnote 6 by the defendant, is the testimony of the building inspector for the town of Hampton.

"Q. [H]ave you given building permits under Footnote six?

A. Yes.

Q. How long?

A. Since I have been building inspector.

Q. Do you require that they must have a plan on record prior to your giving, by the Planning Board, or will a deed suffice?

A. My procedure is, I check with the Assessor and if that is a lot and it has been a lot, whether it's done by deed or by survey or how, then I accept the Assessor's records. I have nothing else to go on.

Q. You do not require then that there be an approved Planning Board plan?

A. Many of our lots in Hampton, I wouldn't say what percentage, but a good many of them never have had Planning Board approval. They predate zoning."

The building inspector went on to testify that Lot 23 is on the assessors' records and assessed as a parcel of land. He also stated that the reason Footnote 6 does not apply to Lot 23 is because Lot 23 has no frontage on an approved street in Hampton. On the basis of this testimony, we conclude that the master had a basis for finding that Lot 23 was a lot of record prior to March 10, 1970.

The master ruled that Footnote 6 applied, stating:

"Article IV, Section 4.2—footnote (6), of the Hampton Zoning Ordinance, makes no reference to the necessity of any road frontage. The defendant argues that the ordinance requires frontage and that frontage must be in the Town of Hampton. The Master disagrees on both points. The plain meaning of footnote (6) makes no reference to frontage. The Master cannot create a minimum frontage requirement out of thin air. If the defendant wanted to establish a minimum frontage requirement, it had the opportunity to do so."

We find the master's reasoning persuasive and supported by the record. The defendant cannot argue that the "grandfather clause" of the ordinance exempts a lot from all of the ordinance's dimensional requirements except the frontage requirements without expressly mentioning that exception. Accordingly, we hold that the ZBA made an error of law when it ruled that Lot 23 was not exempted by the "grandfather clause" from the dimensional requirements of the Hampton Zoning Ordinance and when it denied the plaintiffs a building permit for Lot 23.

*Affirmed.*

All concurred.