Belknap
No. 86-488

MARGATE MOTEL, INC.

v.

TOWN OF GILFORD & a.

November 9, 1987

*Wescott, Millham & Dyer,* of Laconia (*Gary P. Westergren* on the brief and orally), for the plaintiff.

*Nighswander, Martin & Mitchell P.A.,* of Laconia (*Walter L. Mitchell* and *Elaine L. Baillargeon* on the brief, and *Ms. Baillargeon* orally), for the defendant Town of Gilford.

*James D. O'Neill, III,* of Laconia, by brief and orally, for the defendants Charles and Arlia Vusvunis, d/b/a The Bluebird Motel.

BATCHELDER, J. In this zoning case, the plaintiff, Margate Motel, Inc., appeals from a Superior Court (*O'Neil,* J.) order affirming the town's grant of a variance and site plan approval to the defendants Charles and Arlia Vusvunis. We reverse.

The Bluebird Motel (Bluebird), located on the easterly side of Route 3 in Gilford, has been owned and operated by Charles and Arlia Vusvunis since 1978. The motel, a seasonal operation, is a cabin colony consisting of a four-unit winterized structure and twenty-one one- and two-bedroom cottages. Along with an office, living quarters, and a garage, these rental units are situated on a parcel which is 800 feet long, but only eighty-four feet wide at its westerly boundary and sixty-seven feet wide at its easterly bound-

ary. The plaintiff abuts the Bluebird to the north and south, and to the west on the opposite side of Route 3.

The Bluebird has suffered consistent losses in the past few seasons because of trends in the motel industry. To remedy these financial woes, the Vusvunises proposed to raze the existing structures and build a two-story thirty-bedroom motel. A significant hurdle in the project's path, however, was the setback requirements for buildings and parking lots under the Gilford Zoning Ordinance. The ordinance requires that buildings be set back twenty-five feet from the lot lines, and that parking lots be set back fifteen feet. The dimensions of the Bluebird parcel, coupled with the setback requirements, left too little space to erect a motel of acceptable size.

Accordingly, in July of 1985, the Vusvunises applied to the Gilford Zoning Board of Adjustment (board) to obtain a variance from the setback regulations. The application outlined the project and proposed to place the new building four feet from the northerly boundary. On July 23, 1985, the board granted the variance, but imposed the condition that the proposed motel building be set back twelve feet from the northerly boundary. The parking lot requirements were waived. A rehearing was held at the request of the plaintiff on August 27, following which the board affirmed its prior decision. The plaintiff then appealed to the superior court. *See* RSA 677:4.

Soon thereafter, on January 20, 1986, the Gilford Planning Board held a hearing on the proposed development and granted conditional approval of the amended site plan. The plaintiff appealed that decision also, and the two appeals were consolidated for trial before the superior court. On October 27, 1986, the superior court affirmed the decisions of both boards and dismissed the plaintiff's petitions. The plaintiff appeals that decision.

As do many zoning variance cases, this one presents the question whether there was sufficient evidentiary support for a finding of unnecessary hardship, an element which is necessary for the granting of a variance. *See* RSA 674:33, I(b). *See also Gelinas v. City of Portsmouth*, 97 N.H. 248, 250, 85 A.2d 896, 898 (1952). Plaintiff also raises the question of the duty of local land use boards to make, upon request, specific findings of fact and rulings of law. Other issues raised by plaintiff concern the sufficiency of the evidence to support the various findings of the trial court. In light of our decision on the hardship issue, the other questions need not be addressed.

The plaintiff argues that the evidence was insufficient as a matter of law to support a finding of unnecessary hardship. It contends that the only basis for the variance was the personal and financial condition of the owners, and that reasonable use of the property is not precluded by a strict application of the zoning ordinance. The defendants counter by stating that the hardship arises from the configuration of the parcel, and that strict application of the ordinance would be unreasonable because it would force the Vusvunises out of business. The trial court agreed with the defendants, finding that strict application of the ordinance would result in depreciation of the property to the extent that it would effectively prevent the owner from making any reasonable use of the land.

■ Judicial review of the decisions of a zoning board is limited. The board's findings of fact are deemed prima facie lawful and reasonable, and the "decision appealed from shall not be set aside or vacated, except for errors of law, unless the court is persuaded by the balance of probabilities, on the evidence before it, that said . . . decision is unreasonable." RSA 677:6; *see Governor's Island Club v. Town of Gilford*, 124 N.H. 126, 129, 467 A.2d 246, 247–48 (1983). Thus, we must decide whether the trial court committed an error of law in affirming the granting of a variance.

■ This court has often reiterated the requirements for a variance. The five conditions which must be met for a variance are:

"(1) no diminution in value of surrounding properties would be suffered; (2) granting the permit would be of benefit to the public interest; (3) denial of the permit would result in unnecessary hardship to the owner seeking it; (4) granting the permit would do substantial justice; (5) the use must not be contrary to the spirit of the ordinance."

*Alexander v. Town of Hampstead*, 129 N.H. 278, 284, 525 A.2d 276, 280 (1987). "The concept of unnecessary hardship . . . is a narrow one. [It] exists when an ordinance unduly restricts the use to which land may be put." *Governor's Island Club, supra* at 130, 467 A.2d at 248. The hardship must arise from a special condition of the land which distinguishes it from other land in the same area with respect to the suitability for the use for which it is zoned. *Ryan v. City of Manchester Zoning Board*, 123 N.H. 170, 173, 459 A.2d 244, 245 (1983). The size and dimensions of a parcel do not create an unnecessary hardship when the land could still be used for the purposes permitted by the zoning ordinance. *Richardson v. Town*

*of Salisbury*, 123 N.H. 93, 96, 455 A.2d 1059, 1062 (1983). Moreover, the criterion for unnecessary hardship is not the "uniqueness of the plight of the owner, but uniqueness of the land causing the plight." *Rowe v. Town of Salem*, 119 N.H. 505, 507, 403 A.2d 428, 429 (1979) (quoting *Carbonneau v. Town of Exeter*, 119 N.H. 259, 262, 401 A.2d 675, 677 (1979)). Finally, financial hardship alone does not justify the granting of a variance. *St. Onge v. City of Concord*, 95 N.H. 306, 310, 63 A.2d 221, 223 (1949). *But see Carter v. City of Nashua*, 113 N.H. 407, 419, 308 A.2d 847, 855 (1973) (financial hardship that is unduly oppressive because of conditions of the property distinguishing it from other properties similarly restricted could constitute unnecessary hardship).

In the instant case, it is obvious that the defendants' parcel is not ideally configured for the construction of a motel that is both economically feasible and within industry standards, at least not without a variance. The trial record indicates that in support of the variance application, Mr. Vusvunis testified that his reasons for requesting a variance were personal and financial. The cabin colony was no longer profitable, and age and family illness made it too difficult to maintain the cottages. Although the configuration of the parcel, coupled with the zoning setback requirements, prevents the project from going forward, the only basis for finding unnecessary hardship in this case would be the personal and financial plight of the owners.

Moreover, their plight does not originate in the uniqueness of the parcel which precludes a permitted use. On the contrary, alternative permitted uses for this property abound. There is nothing, aside from the financial condition of the Bluebird, that keeps it from operating as it has in the past. More importantly, the Gilford Zoning Ordinance enumerates some twenty-five permitted uses for the property that the defendants have not shown are precluded by the uniqueness of the land. *Richardson supra.*

■ We therefore hold that the evidence is insufficient as a matter of law to support a finding of unnecessary hardship. Accordingly, we reverse the decision of the superior court affirming the granting of the variance and site plan approval.

*Reversed.*

All concurred.