Strafford
No. 88-333

Randall Goslin and Donna Goslin

v.

Town of Farmington

July 27, 1989

*Fisher, Willoughby, Clancy, Woodman & Durand*, of Dover (*Scott E. Woodman* on the brief and orally), for the plaintiffs.

*Cooper, Hall, Whittum & Shillaber P.C.*, of Rochester (*Carl W. Potvin* on the brief and orally), for the defendant.

BATCHELDER, J.  The defendant, the Town of Farmington, appeals a Superior Court (*Contas*, J.) order reversing a decision of the zoning board of adjustment (ZBA) denying the plaintiffs' application for a variance. The town contends, *inter alia*, that the plaintiffs failed to establish before either the ZBA or the trial court that they were entitled to a variance. We agree with the town, and therefore reverse the trial court's order.

Randall and Donna Goslin reside at and own 11.8 acres of land on Dream Hill Terrace in Farmington. Their lot is part of a six-lot subdivision, each lot being of approximately equal size, which the Farmington Planning Board approved in 1976. Dream Hill

Terrace is a private gravel road which begins at its intersection with Dick Dame Lane, a public road, and runs in a westerly direction through five of the six lots. The plaintiffs' lot is approximately one mile from the intersection of Dream Hill Terrace and Dick Dame Lane. As a condition of subdivision approval in 1976, Randall Goslin and the other lot owners agreed that no further subdivision of their lots could take place until the town accepted Dream Hill Terrace as a public road. This condition was recorded on the subdivision plat in the registry of deeds. The town has not yet accepted the road according to statutory procedures. *See, e.g.,* RSA 229:1; RSA ch. 231 (1982 and Supp. 1988). In addition, the six lot owners agreed in writing to maintain the road until the town accepted it.

In 1978, the plaintiffs and other landowners made $11,500 worth of improvements to Dream Hill Terrace. These improvements included widening the road, adding culverts, and laying gravel, but not paving. The lot owners obtained a written statement from the town's road agent, Carl Baldwin, which read: "This is to certify that Carl Baldwin, road agent, approves [the] gravel road located on Dream Hill Terrace, Farmington, N.H., as up to standards for gravel road in Farmington, N.H." Plaintiff Randall Goslin testified at trial that he and the other landowners were led to believe that the road improvements and the road agent's certification of compliance with gravel road standards would satisfy the condition on the plat.

Jane Cooper Fall, a member of the Farmington Planning Board since 1976, testified that town regulations require the plaintiffs' road to be paved before it can be accepted, although the written regulation mentioning that requirement is not in the trial record.

The differences between the plaintiffs' and the town's understandings of what satisfied Farmington's road specifications and of the meaning of the condition on the subdivision plat came to a head when the plaintiffs wanted to subdivide their 11.8 acres into four lots, three of which they would give to their children. On March 10, 1987, the town adopted an amendment to its land use ordinance requiring subdivisions of two or more lots to have a certain amount of frontage, depending on the lot size, on a Class V or better road, or on a private road built to town standards. *See* RSA 229:5, VI (defining a Class V road). Two days later, the plaintiffs applied to the ZBA for a variance from the amended ordinance. *See* RSA 674:33, I(b). The ZBA, after a hearing on April 2, 1987, denied the variance.

To obtain a variance, the plaintiffs had to demonstrate to the ZBA that: (1) denying the variance would impose on them an unnecessary hardship; (2) surrounding properties would not suffer a diminution in value; (3) the proposed use would not be contrary to the spirit of the ordinance; (4) allowing the variance would be in the public interest; and (5) granting the variance would accomplish substantial justice. *Rowe v. Town of North Hampton*, 131 N.H. 424, 427, 553 A.2d 1331, 1333 (1989); *Biggs v. Town of Sandwich*, 124 N.H. 421, 427, 470 A.2d 928, 932 (1984). In its decision, the ZBA determined that the variance would not cause a diminution of neighboring property values and that a variance would benefit the public interest because it would "be neither of benefit or of no benefit." The ZBA ruled against the plaintiffs on the other variables, however. The ZBA found that denying the variance would not create a hardship, as no evidence of a hardship had been presented; that the justice to the plaintiffs would not outweigh the injustice to the frontage requirements; and that a variance would be contrary to the spirit of the ordinance because the subdivision had no Class V or better road. The plaintiffs then requested a rehearing, at which they proposed to offer evidence concerning, *inter alia*, their 1978 road improvements and the certification from road agent Baldwin. Upon the ZBA's denial of a rehearing, the plaintiffs appealed to the superior court.

In reviewing a denial of a variance, the trial judge must accept the ZBA's findings as *prima facie* lawful and reasonable, and the judge may reverse the decision only for errors of law or if, by a balance of probabilities on the evidence before the court, the decision is unreasonable. RSA 677:6; *Rowe*, 131 N.H. at 428, 553 A.2d at 1333. After a one-day trial, the court concluded that the ZBA's denial of the plaintiffs' application for a variance worked an unnecessary hardship because the plaintiffs were left with only one buildable lot on 11.8 acres of land. The court stated that the ordinance unduly restricts the plaintiffs' use of their land and, in conclusory fashion, observed that "the restriction is due to special conditions unique to their land." The court also ruled that granting the variance would do substantial justice to the plaintiffs, as they justifiably had relied on the road agent's certification. Finally, the court held that the variance would not be contrary to the spirit and intent either of the road frontage amendment specifically, or Farmington's land use ordinance generally. The court later denied the town's motion to set aside the decree, prompting this appeal.

■ We will not reverse a decision of the trial court unless it is unsupported by the evidence or based on an error of law. *Frisella v. Town of Farmington*, 131 N.H. 78, 81, 550 A.2d 102, 104 (1988). The defendant first argues that the evidence did not support the trial judge's ruling that the ZBA decision was unreasonable. In particular, the defendant maintains that the record contains insufficient evidence to support a finding of unnecessary hardship. As we have defined it, an unnecessary hardship exists when the ordinance unduly restricts the use of land and "when the deprivation resulting from the application of the ordinance effectively prevents the owner from making any reasonable use of the property." *Rowe*, 131 N.H. at 428, 553 A.2d at 1334. Such a hardship stems only from "a special condition of the land which distinguishes it from other land in the same area with respect to the suitability for the use for which it is zoned." *Margate Motel, Inc. v. Town of Gilford*, 130 N.H. 91, 94, 534 A.2d 717, 719 (1987). In determining whether a hardship exists, the unique character-istics of the land, rather than the plight of its owner, will be dispositive. *Labrecque v. Town of Salem*, 128 N.H. 455, 458, 514 A.2d 829, 830 (1986). The size and dimensions of a parcel of property, however, do not create a hardship when the land could still be used for the purposes permitted by the zoning ordinance. *Rowe, supra* at 429, 553 A.2d at 1334 (quoting *Margate Motel*, 130 N.H. at 94, 534 A.2d at 719); *Richardson v. Town of Salisbury*, 123 N.H. 93, 96, 455 A.2d 1059, 1061–62 (1983).

In this case, the plaintiffs point to two factors which they claim justify a finding of unnecessary hardship. Most important, according to the plaintiffs, is that their property is situated on a road built to meet all the town's specifications for road construction, with the exception of being paved. Second, they claim that financial hardship, while not alone sufficient to justify a variance, may become so unduly oppressive because of conditions unique to the property that a variance must be granted if it would not adversely affect the public interest, would observe the ordinance's spirit, and serve justice. *See Carter v. Nashua*, 113 N.H. 407, 419, 308 A.2d 847, 855 (1973). They argue that the estimated $56,000 cost of paving Dream Hill Terrace is unduly oppressive.

■ The facts of this case do not compel or warrant a finding of unnecessary hardship. First, the plaintiffs may use their lot for the residential and agricultural uses for which it is zoned. That they currently have only one buildable lot instead of four does not create a hardship when the land can still be used in a way permitted by the ordinance. *See Margate Motel*, 130 N.H. at 94–95, 534 A.2d at

719–20; *Richardson*, 123 N.H. at 96, 455 A.2d at 1061–62. Second, that the plaintiffs' road almost complies with town regulations is not a sufficient reason to find an unnecessary hardship. *See Rowe*, 131 N.H. at 429, 553 A.2d at 1334 (nearly satisfying lot size requirements is not adequate characteristic of land to entitle owner to variance). Nothing about the near compliance of the road suggests a unique characteristic of the plaintiffs' land which distinguishes it from other property similarly zoned, such as the other five lots along Dream Hill Terrace. Finally, the financial hardship here is not so unduly oppressive as to require a variance in this case. In *Carter v. Nashua supra*, on which the plaintiffs rely, part of the landowner's property was located in Massachusetts and part in this State. 113 N.H. at 419, 308 A.2d at 855. The unique division of the parcel in *Carter* helped to prevent the establishment of uses permitted under the zoning ordinance, *id.*, and made sale of the parcel at fair market value unlikely at best, *id.* at 420, 308 A.2d 855. Unlike the property in *Carter*, the land in this case is currently used for residential purposes permitted under the ordinance. Thus, the frustration of the plaintiffs' plans to subdivide their lot, rather than a characteristic of their property itself, creates the claimed financial hardship in this case, a fact insufficient to permit a variance. *See Margate Motel*, 130 N.H. at 95, 534 A.2d at 719–20.

In light of our reversal of the trial court's finding of an unnecessary hardship, we do not need to address the court's findings on the other variance variables, *see Rowe*, 131 N.H. at 429, 430, 553 A.2d at 1334, 1335 (each factor for variance must be satisfied), nor do we need to address the other arguments raised by the parties.

*Reversed.*

All concurred.