Hillsborough
No. 90-488

### ROBERT KORPI

v.

### TOWN OF PETERBOROUGH

November 8, 1991

*Robert Korpi, pro se,* filed no brief.

*Blodgett, Makechnie & Vetne,* of Peterborough (*John H. Vetne* on the brief), by brief for the defendant.

BROCK, C.J.   This is an appeal by the defendant, the Town of Peterborough, from the Superior Court's (*Goode,* J.) order vacating a decision of the Peterborough Zoning Board of Adjustment that denied plaintiff's request for a special exception and ordered removal of a portion of the plaintiff's parking lot that encroached upon a conservation zone. For the reasons that follow, we affirm.

The plaintiff, Robert Korpi, owns property located in Peterborough upon which is located his automobile dealership. He constructed a parking lot on his property bordering the Contoocook River, and encroachment of the parking lot on Peterborough's con-

servation zone was discovered by the building inspector in 1986. The plaintiff then sought permission from the Peterborough Zoning Board of Adjustment (Board) to maintain the lot by special exception. *See* RSA 674:33. The Board, relying on aesthetic considerations, denied the plaintiff's request and ordered that he remove the offending portion of the parking lot and restore the conservation zone to its pre-existing condition.

The plaintiff appealed to the superior court pursuant to RSA 677:4. After hearing, the superior court, *sua sponte,* ruled that the special exception relief provision pertaining to the conservation zone contained in Article XVI of the Peterborough Zoning Ordinance was unconstitutional because it did not provide sufficient objective standards for the exercise of authority by the Board. The court also vacated the Board's decision, finding that even if the special exception provision was deemed valid, the Board's decision was unreasonable.

The defendant filed a motion for clarification and reconsideration, requesting, *inter alia,* that the court (1) clarify that if the special exception relief provision is invalid, plaintiff's parking lot use is unlawful, and the lot should be removed and the underlying land restored; (2) reconsider its finding that the special exception provision contains no objective standards and is unconstitutional; and (3) reconsider its alternative holding that the Board's decision was unreasonable. The trial court denied the motion, and this appeal followed.

On appeal, the Town of Peterborough argues only that the trial court erred when it ruled that the special exception provision on which the plaintiff relied was unconstitutional, but then failed to declare the plaintiff's paved parking lot use in the Peterborough conservation zone impermissive and to order its removal. However, invalidity of the special exception provision was not the sole ground upon which the trial court ruled in favor of the plaintiff. For the reason indicated below, we decline to review the issue concerning the constitutionality of the special exception provision.

■ The trial court, *sua sponte,* declared the special exception provision to be invalid and unconstitutional. The court need not, however, have reached the constitutional issue where it adequately disposed of the case on nonconstitutional grounds. *See Britton v. Town of Chester,* 134 N.H. 434, 595 A.2d 492 (1991); *State v. Hodgkiss,* 132 N.H. 376, 379, 565 A.2d 1059, 1061 (1989). Accordingly, we vacate the trial court's ruling that the special exception provision is unconstitutional.

■■ As an alternative basis of its decision, the trial court found that the Board's decision ordering removal of the parking lot, and restoration, was unreasonable. "We will not overturn the trial court's findings 'unless they are unsupported by the evidence or erroneous as a matter of law.'" *Devaney v. Town of Windham*, 132 N.H. 302, 306, 564 A.2d 454, 456 (1989) (quoting *Alexander v. Town of Hampstead*, 129 N.H. 278, 284, 525 A.2d 276, 280 (1987) (citations omitted)). "A statutory presumption exists that a zoning board's findings are *prima facie* lawful and reasonable, and they may be set aside only when a court is 'persuaded by the balance of probabilities, on the evidence before it, that said order or decision is [unlawful or] unreasonable.'" *Rowe v. Town of North Hampton*, 131 N.H. 424, 428, 553 A.2d 1331, 1333 (1989) (quoting RSA 677:6); *see Labrecque v. Town of Salem*, 128 N.H. 455, 457, 514 A.2d 829, 830 (1986).

RSA 677:6 states:

> "In an appeal to the court, the burden of proof shall be upon the party seeking to set aside any order or decision of the zoning board of adjustment or any decision of the local legislative body to show that the order or decision is unlawful or unreasonable. All findings of the zoning board of adjustment or the local legislative body upon all questions of fact properly before the court shall be prima facie lawful and reasonable. The order or decision appealed from shall not be set aside or vacated, except for errors of law, unless the court is persuaded by the balance of probabilities, on the evidence before it, that said order or decision is unreasonable."

■ The defendant has failed to provide us with a transcript of the trial which would enable us to review whether the Board's decision was unreasonable. "The moving party shall be responsible for presenting to the supreme court . . . a record sufficient for the court to decide the questions of law presented by the case." *Sup. Ct. R.* 13. Therefore, "for purposes of this appeal we must assume that the evidence supported the trial court's findings, . . . and must limit our review to legal errors apparent on the face of the record that we have." *Perron v. Aranosian*, 128 N.H. 92, 94, 508 A.2d 1087, 1089 (1986) (citations omitted). Additionally, the court took a view of the site and found that due to the dense growth of trees, the view between the river and the parking lot was obstructed. Hence, the court was persuaded, on the balance of the probabilities before it, that the

Board's decision based on aesthetics was unreasonable. *See Rowe v. Town of North Hampton,* 131 N.H. at 428, 553 A.2d at 1333. Upon our review of the record before us, we find no error committed by the trial court and, therefore, affirm its order vacating the Board's decision.

*Affirmed.*

HORTON, J., did not participate in the decision of this case; the others concurred.