Belknap
No. 94-007

RONALD AND DONNA OLSZAK

v.

TOWN OF NEW HAMPTON

July 11, 1995

*Backus, Meyer, Solomon & Rood,* of Manchester (*Robert A. Backus* and *Darin Hood-Tucker* on the brief, and *Mr. Backus* orally), for the plaintiffs.

*Nighswander, Martin & Mitchell, P.A.,* of Laconia (*Timothy Bates* on the brief and orally), for the defendant.

BROCK, C.J. The plaintiffs, Ronald and Donna Olszak, appeal an order of the Superior Court (*Smukler, J.*) upholding the decision of the Town of New Hampton Zoning Board of Adjustment (ZBA) denying the plaintiffs a variance to erect a bridge on their land. We affirm.

In 1985, the plaintiffs purchased fifty-two acres of land in New Hampton. Twenty-two acres are separated from the remainder by wetlands and are not accessible by road. Although the town had no zoning ordinance at the time of the plaintiffs' purchase, one was adopted in March 1986.

In 1988, the plaintiffs obtained an historic bridge from the New Hampshire Department of Transportation, intending to erect the bridge on their land to span the wetlands and provide access to the twenty-two-acre parcel. The plaintiffs obtained permits from the New Hampshire Wetlands Board and the United States Army Corps of Engineers to erect the bridge as planned. The plaintiffs contacted town officials, who warned by letter dated March 29, 1989, that a special exception would be required, because the plaintiffs' land is within the "Flood Hazard Area." *See* RSA 674:33, IV (1986). The same letter informed the plaintiffs that they might also need a variance because the land was part of the "Pemigewasset [River] Overlay District." *See* RSA 674:33, I(b) (1986).

The ZBA held informational hearings on the plaintiffs' proposal on May 6, 1992, and June 3, 1992. In addition, on May 11, 1992, members of the ZBA visited the site in question. On December 16, 1992, the ZBA held a public hearing to determine the fate of the plaintiffs' requests for a special exception and a variance. The ZBA, after considering the five requirements for a variance, *see Grey Rocks Land Trust v. Town of Hebron,* 136 N.H. 239, 242, 614 A.2d 1048, 1049 (1992), voted unanimously to deny the variance and therefore did not reach the special exception issue. The ZBA found that the plaintiffs failed to prove that: (1) the denial of the variance would result in unnecessary hardship to the owner; (2) the proposed use is not contrary to the spirit and intent of the ordinance; and (3) the granting of the variance would be of benefit to the public interest.

The plaintiffs appealed the ZBA's decision to the superior court, challenging both the requirement that a variance be obtained and the ZBA's denial of the requested variance. The court held that the Olszaks "did not meet their burden of proving that no variance was required" and that "the [ZBA's] decision on the merits of the variance request was neither unlawful nor unreasonable." This appeal followed.

On appeal, "we will uphold the trial court's decision unless it is not supported by the evidence or is erroneous as a matter of law." *Aranosian Oil Co. v. City of Portsmouth,* 136 N.H. 57, 59, 612 A.2d

357, 358 (1992). The ZBA's findings of fact are presumed to be *prima facie* lawful and reasonable and the ZBA's decision will be set aside only when a court is persuaded by the balance of probabilities that it is unlawful or unreasonable. *Korpi v. Town of Peterborough,* 135 N.H. 37, 39, 599 A.2d 130, 131 (1991); *see* RSA 677:6 (1986).

■ The plaintiffs' first claim of error concerns the variance requirement itself. The plaintiffs argue that, at most, a special exception was required for the bridge they intended to erect. While it is true that bridges may be allowed as "Special Exception uses" in the Flood Hazard District under the town's zoning ordinance article IV(E)(6)(c)(5), the plaintiffs' land is also part of the Pemigewasset Overlay District, which has additional restrictions on land use.

Article IV(E)(4) states that "[w]here the Flood Hazard District is superimposed over another zoning district, the more restrictive regulations shall apply." Thus the plaintiffs' land is subject to the stricter requirements of the Pemigewasset Overlay District. Because the special exception language relied on by the plaintiffs relates only to the Flood Hazard District, to be relieved of the restrictions of the Pemigewasset Overlay District, the plaintiffs would need a variance. The trial court committed no error in so holding.

The plaintiffs next argue that the superior court erred in concluding that the ZBA's denial of a variance was reasonable. To obtain a variance, the applicant must prove: (1) a denial of the variance would result in unnecessary hardship to the applicant; (2) surrounding properties would suffer no diminution in value; (3) the proposed use would not be contrary to the spirit of the ordinance; (4) granting the variance would benefit the public interest; and (5) granting the variance would do substantial justice. *Grey Rocks Land Trust,* 136 N.H. at 242, 614 A.2d at 1049; *see* RSA 674:33, I(b). The ZBA relied on the absence of three of these grounds in denying the variance; if any one is absent, the ZBA's denial was lawful. *See Grey Rocks Land Trust,* 136 N.H. at 242, 614 A.2d at 1049. We agree that the denial would not result in unnecessary hardship.

■ ■ The concept of unnecessary hardship "is a narrow one." *Governor's Island Club v. Town of Gilford,* 124 N.H. 126, 130, 467 A.2d 246, 248 (1983). For hardship to exist under our test, the deprivation resulting from application of the ordinance must be "so great as to effectively prevent the owner from making any reasonable use of the land." *Husnander v. Town of Barnstead,* 139 N.H. 476, 478, 660 A.2d 477, 478 (1995) (quotation omitted). That a portion of the plaintiffs' land is inaccessible does not prevent them from using the remainder for a permitted purpose. The party seeking a variance bears the burden of proof. *Grey Rocks Land Trust,* 136 N.H. at 243, 614 A.2d at

1050. The plaintiffs do not have a right to build on every acre of their property, *see Goslin v. Town of Farmington,* 132 N.H. 48, 52, 561 A.2d 507, 509 (1989); *Governor's Island Club,* 124 N.H. at 130, 467 A.2d at 248, and they do not allege that the accessible portion of their property cannot be used for a purpose permitted by the zoning ordinance. Therefore, they have not met their burden. *See Margate Motel, Inc. v. Town of Gilford,* 130 N.H. 91, 95, 534 A.2d 717, 720 (1987).

While we sympathize with the efforts of the plaintiffs to preserve an historic bridge, efforts which they estimate have cost $50,000, "[i]t is not enough that application of the ordinance may cause the landowner to suffer some financial loss." *Governor's Island Club,* 124 N.H. at 130, 467 A.2d at 248. "The uniqueness of the land, not the plight of the owner, determines whether a hardship exists." *Grey Rocks Land Trust,* 136 N.H. at 243, 614 A.2d at 1050 (quotation omitted).

■ The plaintiffs also argue that the town's zoning ordinance is vague and ambiguous in its setback requirements. The trial court noted that both parties agreed that the setback requirement was not ambiguous, but at oral argument before this court, counsel for both sides agreed that the court was mistaken on this point. The interpretation of a zoning ordinance's terms is a question of law of which this court is the final arbiter. *Fifield Island, Inc. v. Town of Hampton,* 124 N.H. 828, 830, 474 A.2d 591, 592 (1984). "The burden of proving the invalidity of an ordinance lies with the party attacking its validity." *Town of North Hampton v. Sanderson,* 131 N.H. 614, 619, 557 A.2d 643, 647 (1989).

Article IV(E)(6)(g)(3)(e) of the zoning ordinance, relating to lot dimensions within the Pemigewasset · Overlay District, provides: "Structure setback: 200 feet horizontal distance except as noted below." The plaintiffs contend that the language of this subsection is unclear as to the reference point for this setback requirement. We disagree. Subsection (f), immediately following that provision, states: "Septic tank setback: 125 feet from the river." Subsections (g) and (h) contain other exceptions from the general setback requirement, and each refers to a specific distance from the river. Taken as a whole, article IV(E)(6)(g)(3) "is sufficiently clear to warn the average person" that the setback requirements all relate to the river, and therefore the plaintiffs have failed to meet their burden. *Sanderson,* 131 N.H. at 620, 557 A.2d at 647.

■ The plaintiffs further contend that, even if the setback requirement refers to the river, the trial court erred in upholding the ZBA's determination that a portion of the Magoon Brook inlet that borders the plaintiffs' property is a part of the river. The

plaintiffs also contend that the zoning ordinance is ambiguous, because it does not define "river." Both the ZBA and the trial court conducted views of the site, and the findings of the trial court are within its sound discretion, particularly when a view has been taken. *See Voedisch v. Town of Wolfeboro,* 136 N.H. 91, 93, 612 A.2d 902, 904 (1992).

The town zoning map is specifically incorporated into the zoning ordinance. The Pemigewasset Overlay District is clearly delineated on the zoning map, and the district unmistakably widens at the Magoon Brook inlet. The trial court found, based on the map, the court's on-site view, and the purposes underlying the ordinance, that the ZBA's definition of "river" was not unreasonable or unlawful. As the purpose of the Pemigewasset Overlay District, according to article IV(E)(6)(g) of the ordinance, is "to provide protection for the environmentally sensitive corridor along the Pemigewasset River," we cannot say that this was error. *See Trottier v. City of Lebanon,* 117 N.H. 148, 150–51, 370 A.2d 275, 277 (1977); *see also* RSA 483:4, XVII (1992) (" 'River' means a flowing body of water or a segment or tributary of such water body."). The ordinance, with its inclusion of the map, is sufficiently clear to alert the average person that the inlet is to be considered part of the river. *See Sanderson,* 131 N.H. at 620, 557 A.2d at 647. The plaintiffs have failed to meet their burden in challenging the ordinance. *See id.* at 619, 557 A.2d at 647.

The plaintiffs' final argument concerns the trial court's exclusion of deposition testimony of two members of the ZBA. This is a matter within the sound discretion of the trial court. *See Alcorn v. Rochester Zoning Bd. of Adjustment,* 114 N.H. 491, 495, 322 A.2d 608, 610 (1974). The plaintiffs' burden before the trial court was to show that the decision of the board was unreasonable or contrary to the law. *See Korpi,* 135 N.H. at 39, 599 A.2d at 131; *Merriam v. Salem,* 112 N.H. 267, 268, 293 A.2d 596, 598 (1972). "Plaintiffs' burden of proof in zoning appeals is sustained by evidence that the decision of the board could not be reached by reasonable men." *Merriam,* 112 N.H. at 268, 293 A.2d at 598. Evidence of the thought processes of members of the ZBA is "irrelevant to the issue." *Id.* The trial court properly exercised its discretion in excluding such evidence.

*Affirmed.*

All concurred.